CHOWNING *v.* STATE.

Opinion delivered October 4, 1909.

1. ASSAULT WITH INTENT TO KILL—INTENT.—To constitute the crime of assault with intent to kill, under Kirby's Digest, § 1588, a specific intent to take the life of the person assaulted must be shown. (Page 505.)

2. CRIMINAL LAW—DRUNKENNESS AS DEFENSE.—Where offenses can be committed only by doing a particular thing with a specific intent, it may be shown that at the time of doing the thing charged the accused was so drunk that he could not have entertained the intent necessary to constitute the crime. (Page 505.)

3. ASSAULT WITH INTENT TO KILL—DRUNKENNESS AS DEFENSE.—To a charge of assault with intent to kill it is a good defense that the accused was so drunk that he could not have entertained the necessary intent. (Page 505.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge; reversed.

STATEMENT BY THE COURT.

The appellant was convicted of the crime of an assault with intent to kill one Joe Lewellen. The evidence for the State tended to support the verdict. The evidence for appellant tended to show that at the time of the assault appellant was under the influence of intoxicating liquor to such an extent as to be incapable of forming the specific intent to take the life of Lewellen. Appellant testified that "he remembered getting drunk, but lost consciousness, and knew nothing about his fight with Lewellen."

The court among other instructions gave the following:

"2. The crime of assault to kill is committed when one person assaults another under such circumstances that, had death resulted from the assault, the person committing the assault would have been guilty of the crime of murder in either the first or

murder in the second degree. It becomes necessary, therefore, that the crime of murder and its degrees be defined to you."

"8. A specific intent to kill is not necessary to constitute the crime of murder in the second degree under our statute, the law being that the intention to drink may fully supply the place of malice aforethought. So that, if one voluntarily become too drunk to know what he is about, then, without provocation assaults and beats another to death, he commits murder the same as if he was sober."

The court refused the following: "If you find and believe from the evidence that the defendant was intoxicated to that extent that he was not conscious of what he was doing, being drunk to the extent that he could have no specific intent to kill, under the law he would not be guilty of murder in either the first or second degree. He therefore could not be guilty of an assault to kill."

The appellant duly excepted to the ruling of the court in giving and refusing the above prayers.

*J. C. Brookfield* and *J. T. Patterson,* for appellant.

The specific intent to kill is a material element of the crime of assault with intent to kill, and proof of such specific intent cannot be dispensed with. If defendant at the time of the assault was too drunk to know what he was doing, he was incapable of forming such specific intent. Instructions 2 and 8 were therefore erroneous. 54 Ark. 283; 49 Ark. 156; 1 Bishop's New Crim. Law, 9th Ed., § 53; *Id.* § 398.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. When a plea of drunkenness is set up as a defense, the burden of proof is on the defendant to establish that plea. 40 Ark. 511. In this case the circumstances, testimony of the witnesses and the finding of the jury are contrary to appellant's plea. Their verdict should stand.

2. The second instruction has been approved by this court. 34 Ark. 275. The eighth instruction is correct. One can only be convicted of assault to kill when he would have been guilty of murder had death resulted. It was necessary to instruct as to what constitutes murder. Kirby's Dig., § 1557; 76 Ark. 286.

WOOD, J., (after stating the facts). The instructions were misleading. To constitute the crime of an assault "with intent to murder or kill" under the statute (Kirby's Dig., § 1588) a specific intent to take the life of the person assaulted must be shown. See *Lacefield* v. *State,* 34 Ark. 275; *Scott* v. *State,* 49 Ark. 156; *Chrisman* v. *State,* 54 Ark. 283. It takes both the "evil intent and the simultaneous resulting act" to complete a crime of this nature. 1 Bish., Crim. Law § § 729-30-31-35.

Where the offense can be committed only by doing "a particular thing with a specific intent, it may be shown that at the time of doing the thing charged the accused was so drunk that he could not have entertained the intent necessary to constitute the crime." *Chrisman* v. *State, supra; Wood* v. *State,* 34 Ark. 341.

In *Byrd* v. *State,* 76 Ark. 286, which the Attorney General cites to sustain the ruling of the court, we held that, "if one voluntarily becomes too drunk to know what he is about, and then without provocation assaults and beats another to death, he commits murder in the second degree, just as if he was sober."

But the case is not applicable here for the reason that it was a case of murder in the second degree, and there may be cases of murder in the second degree where no specific intent to kill is shown. As Judge RIDDICK says: "No specific intent to kill is necessary to constitute the crime of murder in the second degree under our statute." "To commit murder (in the second degree) one need not intend to take life, but to be guilty of an attempt to murder he must so intend. It is not sufficient that his act, had it proved fatal, would have been murder." 1 Bishop, Cr. Law, § 730.

The court erred in its charge. The judgment is therefore reversed, and the cause is remanded for new trial.