## ALFORD *v.* STATE.

### Opinion delivered December 1, 1913.

1. ASSAULT WITH INTENT TO KILL—LESSER CRIME—CRIMINAL INTENT.— Where defendant was accused of the crime of assault with intent to kill, and the court instructed the jury as to all the degrees of assault, instructions omitting the question of malice aforethought are proper, on the issue of whether or not defendant was guilty of some offense embraced in the indictment. (Page 302.)

2. CRIMINAL LAW—INTENT—VOLUNTARY DRUNKENNESS.—Voluntary drunkenness is no excuse for the commission of a crime. (Page 302.)

3. ASSAULT WITH INTENT TO KILL—LESSER CRIME—INTENT—DRUNKENNESS AS DEFENSE.—Where defendant was indicted for the crime of assault with intent to kill, he may be held guilty of some degree of assault, even if he was too drunk to form a specific intent. (Page 303.)

Appeal from Columbia Circuit Court; *W. E. Patterson,* Judge; affirmed.

*Stevens & Stevens,* for appellant.

Instructions 3 and 5 are erroneous, and the latter instruction is so much in conflict with the other instructions that it can not be reconciled with them. 76 Ark. 225; 99 Ark. 385; 102 Ark. 629; 83 Ark. 61.

Appellant was entitled to have submitted to the jury the question whether or not he was drunk, and whether or not there was provocation sufficient to have reduced the crime to manslaughter had death ensued.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The instructions are to be read together and taken as a whole. So considered, the question of malice was fully presented, and there is no conflict. Instructions 3 and 5 are correct. *Coulter* v. *State,* 110 Ark. 209; Wharton on Homicide (3 ed.) 501, § 313; 102 Ark. 627-630.

McCULLOCH, C. J. Appellant, Jack Alford, was convicted by a jury in the circuit court of Columbia County of the offense of assault with intent to kill, alleged to have been committed by cutting one Dave Scott with a knife.

It is admitted that the assault was committed by appellant and that he cut Scott with a knife, inflicting serious wounds; but his defense is that he was intoxicated at the time to the extent that he was incapable of forming the specific intent essential to the commission of the crime alleged in the indictment; and also that he acted "upon a sudden heat of passion caused by a provocation apparently sufficient to make the passion irresistible," so that the offense was reduced to a lower degree of assault, or assault and battery.

The evidence tends to show that a short time prior to the cutting, appellant and Scott had an altercation, in which the latter was the aggressor, and threw brickbats at appellant. Appellant, according to some of the testimony, had to flee from the scene of the difficulty, but a short time afterward Scott walked into a hardware store, and was followed by appellant, who at once attacked Scott, without any words or provocation, and cut him with a knife.

Appellant testified that he was drunk at the time and didn't remember anything about cutting Scott.

The court gave numerous instructions, most of which were those requested by appellant, submitting to the jury all the grades of assault—from assault with intent to kill down to simple assault—and, among others, gave the following two instructions at the request of the State and over appellant's objection:

"No. 3. The jury are instructed that if they believe from the evidence beyond a reasonable doubt that Jack Alford, in Columbia County, Arkansas, within three years prior to the return of the indictment against him into court, which was on the 20th day of February, 1913, wilfully and feloniously cut Dave Scott with a knife, with the felonious intention to take his life, you will convict the defendant."

"No. 5. The jury are instructed that if they believe from the evidence beyond a reasonable doubt that Dave Scott was the aggressor and threw a brick or bricks at the defendant, Jack Alford, but in good faith abandoned the fight and that the defendant pursued and followed said Dave Scott into Turner's hardware store and walked up behind him and held and cut him, as alleged in the indictment, then it will be your duty to convict the defendant."

It is insisted that these instructions were erroneous and prejudicial, because they permitted the jury to find appellant guilty without considering the element of malice aforethought.

It will be observed that neither of the instructions quoted above refers to the commission of the highest offense charged in the indictment and did not tell the jury that they must convict him of assault with intent to kill. They were given with other instructions which defined all of the degrees of assault and submitted the question to the jury as to which offense he was guilty of, if any. They were, therefore, correct instructions, for the element of malice aforethought in the commission of the offense was unimportant in determining whether appellant was guilty of some offense embraced in the indictment, and was only important in considering the degree of the offense. The jury, of course, considered these instructions in connection with the others defining the several grades of assault embraced in the indictment.

Voluntary drunkenness is no excuse of crime, and these instructions were not erroneous in omitting men-

tion of the element of drunkenness, for, as before stated, appellant was guilty of some degree of assault, even if he was too drunk to be able to form a specific intent to kill. *Byrd* v. *State,* 76 Ark. 286; *Chowning* v. *State,* 91 Ark. 503.

The evidence was abundantly sufficient to sustain the verdict of assault with intent to kill, and as the issues were correctly submitted to the jury, the judgment must be affirmed. It is so ordered.