## ALLEN *v.* STATE.

### Opinion delivered March 22, 1915.

1. ASSAULT WITH INTENT TO KILL—PROVOCATION—DELIBERATION.—Where an assault is made with a deadly weapon, with the specific intent to kill the person assaulted, and where no considerable provocation appears, or where the circumstances show an abandoned and wicked disposition upon the part of the assailant, the offense of an assault with an intent to kill is established, regardless of whether or not the assault was committed with deliberation.

2. ASSAULT WITH INTENT TO KILL—MALICE—INTENT.—If an assault be committed with the specific intent to take life, and with a deadly weapon, under circumstances which show implied malice, it will be sufficient to constitute the crime of an assault with intent to kill, even though there be no express malice; there must be malice, either express or implied, but either is sufficient.

3. ASSAULT WITH INTENT TO KILL—ELEMENTS OF CRIME—EVIDENCE.—A charge of assault with intent to kill can not be sustained unless the evidence would have warranted a conviction for murder if death had resulted from the assault, but the proof will be sufficient to sustain the charge where, if death had resulted from the assault it would have been murder in the second degree, coupled with the specific intent to take the life of the person assaulted.

4. CRIMINAL LAW—ARREST—CRIME COMMITTED IN THE PRESENCE OF OFFICER.—Where a constable saw A. sell whiskey, unlawfully, to B., and arrested B., directing a deputy constable to go and arrest A., the arrest will be held to have been made for an offense committed in the presence of the officer making the arrest, where only a few minutes elapsed before A. was arrested, and where the deputy actually making the arrest was near at hand.

5. CRIMINAL LAW—ARREST—NECESSITY FOR WARRANT.—It is not necessary for an officer to have a warrant in order to arrest a person engaged in the act of illegally selling liquor.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

The appellant was convicted of the crime of assault with intent to kill one Dick Choate, and he has duly prosecuted this appeal.

On the part of the State, there was evidence tending to show that on the night of October 23, 1914, Dick Choate, who was a deputy constable, and John Strange, a special deputy, and Walter Crowell, the regular constable, passed the appellant's restaurant. Crowell went around to the back door and saw the appellant let a negro named Tom Crump have some whiskey. Crump was intoxicated and Crowell arrested him and found a bottle of whiskey upon his person. He took Crump to jail, which was about fifty or sixty feet from appellant's restaurant. While he was in jail, he directed his deputy, Choate, to arrest appellant. Crowell could see appellant from the jail door locking up his restaurant. The next thing Crowell knew, he heard two shots, close together. He unlocked the jail door, and when he got outside he saw a scuffle between appellant and one Coleman and his deputy, Choate. Coleman was lying on his back, appellant was on top of him and Choate was over both of them. Appellant had hold of Choate's gun. Crowell, the constable, drew his gun on appellant and demanded of him to turn Choate's gun loose; he did so and grabbed Crowell's gun. The reports of the first two shots that were fired were the reports of a small pistol and the last two were loud reports. Crowell did not notice before he lodged appellant in jail that appellant had been shot, but appellant was bloody. Crowell had had a warrant that morning for appellant. Appellant was searched at the jail and two pocket knives and some money were found on his person. Choate testified for the State that he arrested the appellant on the charge of running a "blind tiger." He told him at the time that he had a warrant for him, the appellant asked when he was supposed to have been running a "blind tiger," and witness told him that he would inform him when they got to the jail. Appellant kept pulling back; Jack Coleman, who was accompanying the witness, Choate, caught ap-

pellant by the right arm and Choate caught him by the
left arm; they had gone about twenty feet from where
they started and appellant kept trying to get his left hand
loose. Appellant pulled his pistol with his right hand
and fired at the witness. Witness grabbed appellant's
wrist and appellant fired again. Appellant then threw
the pistol about ten feet; witness hit the appellant with
his gun while the same was in the scabbard; witness did
not draw his gun until appellant had drawn his; when
witness hit appellant with his gun, it went off and appel-
lant grabbed it and all three fell together; at the time
they fell, witness's gun went off again and the shot took
effect in appellant's jaw. Witness knew appellant before
he arrested him; witness did not, in fact, have a warrant
at the time that he arrested appellant; appellant did not
ask the witness to show any warrant.

On behalf of the appellant, the proof tends to show
that he and his wife were on their way to a circus and met
Choate and Coleman, who directed appellant to halt; they
walked up to appellant and one of them shoved his hand
into appellant's coat pocket and the other slapped him
on the side. Appellant said, "Wait a minute, what are
you going to do to me?" and one of them answered,
"Don't give me none of your head," and hit appellant
with a gun; appellant commenced backing off; they got
him about middle ways the street car track when Mr.
Choate hit him again; appellant was weak from loss of
blood, and when he got up on the sidewalk Choate hit him
again and knocked him from the sidewalk; appellant
then threw up his hands and caught the barrel of
Choate's gun, and all three of them fell together;
Choate again hit him with the gun and appellant by
that time was "bleeding like a hog;" Crowell came
up, and the three of them took appellant into the
jail. While in the jail, Choate walked up near the edge
of the door, pulled his gun out quickly and threw it up to
make a shot; appellant threw his hand up and the bullet
went through one of his fingers and through his jaw; ap-

pellant did not own a gun and had no gun on him that night; the cartridges taken off of him had been taken by appellant out of an old gun that belonged to his boy. Choate and Coleman searched appellant, getting his money and a bottle of whiskey. Appellant knew Choate, but did not know the man that was with him; he knew Choate was an officer, but Choate did not tell appellant that he had a warrant for him.

Another witness on behalf of appellant testified that he had a lunch stand across the street in front of which the trouble occurred; there were about two or three of the shots and he saw some of them; all of them were fired in the air; the first two seemed to be from a small gun; he did not hear any shot fired in the jail.

The court, on its own motion, instructed the jury as follows:

"Gentlemen of the Jury: This defendant, Tom Allen, is on trial under his plea of not guilty, charged with assault with intent to kill, alleged to have been committed upon one Dick Choate. The burden is on the State in this case to prove the defendant's guilt from the evidence beyond a reasonable doubt; and if after considering all the evidence in the case you entertain a reasonable doubt as to defendant's guilt, you will give him the benefit of that doubt by an acquittal.

"Now, gentlemen, I will read you the statute under which this indictment was returned and upon which this defendant is being prosecuted: 'Whoever shall feloniously, wilfully and with malice aforethought assault any person with intent to murder or kill, shall administer, or attempt to give any poison or potion, with intent to kill or murder, and their counselors, aiders and abettors shall, on conviction thereof, be imprisoned in the penitentiary not less than one nor more than twenty-one years.'

"The intent in this case is one of the most important ingredients of the offense. Before you could convict this defendant of assault with intent to kill, you would have

to find from the evidence beyond a reasonable doubt that at the time of the alleged attack by him upon the witness, Dick Choate, that he had malice in his heart, and that he had a specific intent in his mind at that time to take the life of the witness, Dick Choate.

''Now gentlemen, in this charge there is included two other charges. After considering the question as to the charge of assault with intent to kill—if, after considering all the evidence upon that charge, you entertain a reasonable doubt as to defendant's guilt of the charge of assault with intent to kill, then you will acquit him of that charge, and then next consider the question of whether he is guilty of an assault with a deadly weapon, and this is the statute upon which that charge is to be based:

''If any person assault another with a deadly weapon, instrument or other thing, with an intent to inflict upon the person of another a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition, he shall be adjudged guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than fifty nor exceeding one thousand dollars and imprisoned not exceeding one year.'

''If you find from the evidence in considering this charge that the defendant is guilty of that charge, then your verdict will be, 'We, the jury, find the defendant guilty of an assault with a deadly weapon,' and fix his punishment at a fine not less than fifty nor more than one thousand dollars, and imprisonment for some time in the county jail not exceeding one year. If, after considering all the evidence upon that charge you should entertain a reasonable doubt of his guilt of that charge, you will acquit him on that charge, and next consider whether he is guilty of a simple assault or not:

'' 'A simple assault, unattended with any apparent design to commit homicide or felony, shall, upon the conviction of any person thereof, be punished by a fine not exceeding one hundred dollars.'

"So, if you find him guilty of that charge, you will assess his punishment at a fine not exceeding one hundred dollars.

"Now, gentlemen, you are the sole and illimitable judges of the credibility of the witnesses, and in determining the amount of credit that should be given to the testimony of any witness, you should take into consideration his demeanor on the witness stand, his interest or lack of interest, if any, in the result of your verdict, his apparent fairness or lack of fairness in the matter in which he testifies, or any other matter that you think would throw any light upon the credibility that you should give to the testimony of any witness."

Among other prayers, appellant presented the following:

"3. Before you would be authorized to find the defendant guilty of an assault with intent to kill it must be shown from the evidence beyond a reasonable doubt that the defendant intentionally shot at Dick Choate with malice aforethought and with a specific intent to kill said Dick Choate, and if death had resulted it would have been murder."

"4. Murder is the unlawful killing of a human being against the peace of the State with malice aforethought, either express or implied. Malice aforethought means after deliberation, but the period of time of deliberation is not material if the specific intent to kill exists in the mind of the person killing for any period of time before the attempt to kill. The State must, however, show beyond a reasonable doubt that the defendant shot at Dick Choate with a pistol, after deliberation, with the specific intent to kill him, and unless the evidence shows this beyond a reasonable doubt, you should acquit the defendant of the charge of assault with intent to kill."

"8. You are instructed that under the law an officer can make an arrest for a misdemeanor only where a warrant is placed in his hands, or, without a warrant where the offense is committed in his presence; that the law requires that no unnecessary force or violence shall be used

in making an arrest, that the person making the arrest shall inform the person about to be arrested of the intention to arrest him, and the offense charged against him, for which he is arrested, and, if acting under a warrant of arrest, shall give information thereof, and, if required, show the warrant; and if you find from the evidence in this case that Dick Choate attempted to arrest the defendant for a misdemeanor when he had no warrant of arrest, or, if, having a warrant of arrest, he used unnecessary force or violence, or failed to inform the defendant of his intention to arrest him and the nature of the offense for which he was being arrested, then in either event the said Choate was acting unlawfully and the defendant had a right to resist the arrest, using no more force than was reasonably necessary to prevent said arrest.''

''9. If you find from the evidence in this case that Choate either alone, or with another, caught hold of the defendant and attempted to arrest him on a charge of violating the liquor laws, or any other misdemeanor, and that at the time the said Choate, or his assistant, had no warrant for the arrest of said defendant, and that the offense upon which the arrest was made was not committed in the presence of said Choate or any officer assisting in the arrest, then you are instructed that said arrest was unlawful and the defendant had a right to resist the same and meet force with force, and if the defendant, without fault or carelessness on his part, used no more force in resisting an unlawful arrest than appeared to him at the time to be reasonably necessary to prevent said arrest, he would not be guilty and could not be convicted of any offense in this case.''

The court refused these prayers, and appellant duly excepted.

*Webber & Webber,* for appellant.

1. To constitute the crime of assault with intent to kill, the evidence must show that had death resulted from the assault, it would have been murder. The court, therefore, erred in refusing to give appellant's third and

fourth requests for instruction.   72 Ark. 569; 82 Ark.
64, 74; 91 Ark. 503.

2.   It was error to refuse the eighth instruction re-
quested by appellant.   A peace officer can only make an
arrest for a misdemeanor where a warrant is placed in
his hands, or, without a warrant, where the offense is com-
mitted in his presence.   Moreover, he is forbidden to use
unnecessary force or violence in making the arrest, etc.
Kirby's Dig., § § 2119, 2123, 2124; 100 Ark. 139.

The court apparently proceeded on the theory that
the constable having had a warrant, or having seen an
offense committed, and, therefore, having authority to
make an arrest himself, could delegate that authority to
his deputy.   This is not contemplated by the statute.   55
L. R. A. 866-868; Kirby's Dig., § 2119.

Choate, the deputy, was a trespasser in making this
arrest.   100 Ark. 139.   Appellant had a right to resist
the arrest, using no more force than was reasonably nec-
essary under the circumstances.   76 N. C. 10; 33 L. R. A.
(N. S.) 150, note.

*Wm. L. Moose,* Attorney General, and *Jno. P.*
*Streepey,* Assistant, for appellee.

1.   Courts are not required to repeat instructions,
and the general charge given by the court having fully
covered the matter called for in appellant's proposed in-
structions 3 and 4, they were properly refused.   88 Ark.
117; 91 Ark. 505.

2.   The arrest of appellant without a warrant was
lawful, the evidence being sufficient to show that the
offense was comitted in the presence of the officer, and he
had the power to delegate his authority to his deputy.

WOOD, J., (after stating the facts).   Appellant's
prayer for instruction No. 3 was correct.   *Chowning* v.
*State,* 91 Ark. 503-5, and cases therein cited.

(1-2)   But the court correctly defined the essential
ingredients of an assault with intent to kill in the lan-
guage of our statute, section 1588, Kirby's Digest.   This
charge was sufficiently specific to cover the declarations
of law contained in appellant's prayers 3 and 4.   More-

over, appellant's prayer No. 4 was not the law; it told
the jury that before they could convict the defendant they
must find that he shot at Dick Choate with a pistol after
deliberation, with the specific intent to kill him. Where
the assault is made with a deadly weapon with the spe-
cific intent to kill the person assaulted, and where no con-
siderable provocation appears, or where the circum-
stances show an abandoned and wicked disposition upon
the part of the assailant, the offense of an assault with
intent to kill is established, regardless of whether or not
the assault was committed with deliberation. Appel-
lant's prayer No. 4 contains a correct definition of ex-
press malice, but if an asasult be committed with the spe-
cific intent to take life, and with a deadly weapon, under
circumstances which show implied malice, it will be suffi-
cient to constitute the crime of an assault with intent to
kill, even though there be no express malice. There must
be malice either express or implied, but either one is suffi-
cient. See *Satterwhite* v. *State,* 82 Ark. 64-73.

(3)   A charge of assault with intent to kill can not
be sustained unless the evidence would have warranted a
conviction for murder if death had resulted from the as-
sault, but the proof will be sufficient to sustain the charge
where, if death had resulted from the assault it would
have been murder in the second degree, coupled with the
specific intent to take the life of the person assaulted.
See *Chowning* v. *State, supra; Chrisman* v. *State,* 54
Ark. 283.

(4-5)   We do not agree with the learned counsel for
the appellant in the statement that "the arrest was not
made for an offense committed in the presence of the offi-
cer making the arrest." We are of the opinion that the
uncontroverted facts as disclosed by the testimony set
forth in the statement show that the arrest was made for
an offense committed in the presence of the constable.
The facts show that the constable saw the appellant sell
a negro a bottle of whiskey and that he arrested the ne-
gro to whom the whiskey was sold and took him to jail;
and when he went in the jail, he told his deputy, Choate,

to "go get him (appellant) before he got away." He was then within fifty or sixty feet of the jail. This testimony was uncontradicted, and it was sufficient to show that the arrest was made for an offense committed in the presence of the officer making the arrest. The directions by the constable to his deputy, Choate, under the circumstances were tantamount to an arrest made by the constable himself. The distance was so close and the time intervening between the sale and the directions given the deputy and the arrest made by him were but a part of one transaction and constitute an arrest made by an officer for an offense committed in the presence of the officer making the arrest. It was not necessary for the officer making the arrest under the circumstances to have a warrant in order to constitute the arrest a lawful one. The court, therefore, did not err in refusing appellant's prayer for instructions Nos. 8 and 9 and in admitting the testimony of Crowell showing the circumstances under which the arrest was made. Section 2125, Kirby's Digest, provides that "an officer making an arrest may orally summon as many persons as he deems necessary to aid him in making the arrest." Under the circumstances, even if Choate had not been a deputy constable, the arrest by him of appellant would have been lawful under the above section, for the constable would have had the right to have orally summoned Choate to assist him in making the arrest of appellant. The constable's testimony shows that while he was busy with the arrest and confinement of the other party, he directed Choate to arrest appellant "before he got away." This testimony tends to show that the constable anticipated that the appellant would escape, and, therefore, he directed his deputy to arrest appellant in order to prevent his escape.

The instructions of the court correctly submitted the issues to the jury and the evidence was sufficient to sustain the verdict. The judgment is, therefore, affirmed.