## DESHAZO v. STATE.

### Opinion delivered November 1, 1915.

1. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—INSTRUCTION.—An instruction that "the law presumes the defendant innocent in this case and not guilty as charged in the indictment, and this presumption of innocence should continue and prevail in the minds of the jury until they are satisfied by the evidence beyond a reasonable doubt of his guilt," *held* sufficient on the issue of presumption of innocence in a criminal trial.

2. CRIMINAL LAW—PROOF OF GUILT—CONFLICTING TESTIMONY.—In a criminal trial when the testimony is conflicting, it is not error to refuse an instruction that if the evidence is conflicting and susceptible of two interpretations, that the interpretation of innocence must be accepted.

3. INSTRUCTIONS—SUFFICIENCY OF—NATURE OF.—The trial court is not required to charge the law upon a question in every possible manner in which a correct statement of it can be prepared by counsel,

but it is sufficient if the law be so declared that the jury may not be in doubt as to the law of that question, as applied to the facts of that case.

4.  ASSAULT WITH INTENT TO KILL—PROVOCATION.—In a prosecution for the crime of assault with intent to kill, an instruction is proper which charges that "if you believe from the evidence, or if the evidence raises in your minds a reasonable doubt, that the alleged assault was committed by the defendant while he was acting under the influence of passion and excitement caused by a provocation apparently sufficient to make the passion irresistible, you will acquit the defendant of assault with intent to kill."

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Steel, Lake & Head,* for appellant.

The court erred in refusing to give the first instruction requested it being a concise statement of the law and also a caution to the jury. 92 Ark. 481.

Instruction numbered 2 asked for by the defendant should have been given because it was the only instruction directing the attention of the jury to the fact that the testimony relied on must not only be *consistent* with and point to the guilt of the defendant, but it must be *inconsistent* with his innocence. 58 Ark. 473.

Instruction numbered 3 asked for and refused was a concrete application of the doctrine of reasonable doubt. 71 Ark. 459. Instruction numbered 4 dealt with the question of the presumption of innocence, and should have been given.

Instruction numbered 13 was a correct statement of the law and should have been given. 77 Ark. 337; 110 Ark. 209. No presumption will be indulged in the giving or refusal of instructions where harmless. Before such error can be said to have been blameless, it must appear that they could not have prejudiced the rights of the defendant.

The defendant was entitled to have the jury pass on the facts with a correct understanding of the law applicable thereto. 67 Ark. 594; 5 Wall. 807; 31 Me. 534; 16 Ark. 329; 69 Ark. 177.

*Wallace Davis,* Attorney General, *Jno P. Streepey,* Assistant, for appellee.

The court did not err in refusing to give instruction No. 1, asked by defendant. 92 Ark. 481, 483.

Instruction numbered 2 asked for by the defendant should have been refused. 58 Ark. 473.

The court did not err in modifying instruction numbered 4, as asked for by defendant. 109 Ark. 516, 523.

Instruction numbered 13 was covered by instruction numbered 8, and the court's oral charge.

SMITH, J. Appellant was convicted upon a charge of assault with intent to kill, and on this appeal questions only the action of the court in refusing to give certain instructions asked by him.

(1) The first of the instructions so refused declared the law to be that the indictment in the case was a mere accusation, or charge, against the defendant, and raised no presumption of his guilt, and was no evidence of guilt, and that the jury should not permit themselves to be influenced to any extent because, or on account of, the indictment.

This instruction, of course, correctly declares the law, and the court below might very well have given in, but it does not appear that this failure is error calling for the reversal of the case, inasmuch as the court gave the following instruction numbered 4.

"4. The court instructs the jury that the law presumes the defendant innocent in this case and not guilty as charged in the indictment, and this presumption of innocence should continue and prevail in the minds of the jury until they are satisfied by the evidence beyond a reasonable doubt of his guilt." *Ross* v. *State,* 92 Ark. 481.

(2) The court refused to give the following instruction numbered 2:

"2. The court instructs the jury that the facts relied upon to show the defendant's guilt must not only be consistent with and point to his guilt, but must be inconsistent with his innocence; and if such facts are

susceptible of two interpretations, one of innocence and one of guilt, the interpretation of innocence must be accepted in the defendant's behalf, and you will acquit.''

This instruction, and others of a similar character, are usually given in cases where it is sought to prove the guilt of the defendant as an inference to be drawn from facts and circumstances established by the proof, and, while such an instruction is no doubt proper in cases of that kind, it can not be said that it was error to refuse to give it here. This is true because this case is a swearing match, and according to the proof on the part of the State appellant was guilty as charged, while according to the testimony in his behalf he acted in his necessary self defense.

(3) An instruction numbered 3 asked by appellant was also refused. This instruction dealt with the subject of reasonable doubt; but the law of that subject was covered in other instructions given by the court. And the same thing may be said of appellant's instruction numbered 4, which dealt with the question of the presumption of innocence. The court is not required to charge the law upon any question in every possible manner in which a correct statement of it can be prepared by counsel, but it is sufficient if the law be so declared that the jury may not be in doubt as to the law of that question, as applied to the facts of that case.

(4) It is earnestly insisted that error was committed in the refusal to give instruction numbered 13, which reads as follows:

"13. The court tells you that, while mere words, however opprobious, will not justify an assault, yet words accompanied by acts of a violent or threating character, will be provocation that may reduce the crime from assault with intent to kill to an aggravated assault, or to a justification of aggravated assault.''

It is said that this instruction was approved as a correct declaration of the law in the case of *Coulter* v. *State,* 110 Ark. 209. This instruction numbered 13 is set out in full in the Coulter case, where it is also number-

ed 13; but it was there complained that the court had erred in failing to give an instruction numbered 8, which was also set out in the opinion. But the court said: "Thus it will be seen that the matters embraced in instruction No. 8 were fully covered by instructions numbered 7 and 13." This was not an approval of instruction numbered 13, but only a decision that it was not error to refuse the instruction numbered 8.

The court here gave an instruction numbered 8, which reads as follows: "8. If you believe from the evidence, or if the evidence raises in your minds a reasonable doubt, that the alleged assault was committed by the defendant while he was acting under the influence of passion and excitement caused by a provocation apparently sufficient to make the passion irresistible, you will acquit the defendant of assault with intent to kill."

This instruction numbered 8 is an exact copy of the instruction numbered 8 referred to in the Coulter case. In the Coulter case it was held not to have been error to refuse instruction numbered 8 because instruction numbered 13 was given; while here instruction numbered 8 was given and instruction numbered 13 was refused.

We think the instruction numbered 8 is a more accurate declaration of the law than instruction numbered 13, and inasmuch as No. 8 was given it was not error to refuse No. 13. In fact, we think the 13th instruction is not an exact statement of the law. It tells the jury that threatening acts accompanied by opprobious words would be provocation that might reduce the degree of the assault. It charges that opprobrious words and threatening acts would be a provocation legally sufficient to reduce the degree of the offense, while the jury should have been permitted to pass upon the sufficiency of the provocation to provoke a passion apparently irresistible, as stated in instruction numbered 8. This instruction numbered 13 concludes with the statement that the provocation might justify an assault with intent to kill, or be a justification of an aggravated assault. The court had defined an aggravated assault, and it is apparently a

contradiction in terms to speak of a provocation which justifies an aggravated assault. An aggravated assault is committed when one person assaults another with a deadly weapon, instrument or other thing with the intent to inflict a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition. Section 1587 of Kirby's Digest. The very definition of the statute negatives the presence of sufficient provocation, yet the instruction says if there was sufficient provocation it would justify the offense which is committed when no considerable provocation appears.

Finding no prejudicial error the judgment is affirmed.