## CARTY *v*. STATE.

### Opinion delivered June 10, 1918.

LIQUOR—ILLEGAL SALE—DEFENSE OF INSANITY.—Under the statutes, the sale of liquor, and not the intent with which it is sold, constitutes the offense. Voluntary intoxication to the extent that one can not comprehend the criminality of the act of selling liquor is not a defense to the crime; one must indulge in drink until it produces a permanent or periodical insanity before the insanity caused thereby can be pleaded as a defense to this character of crime.

Appeal from Lawrence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*W. P. Smith,* for appellant.

The court erred in refusing instruction No. 1, asked by appellant, and in giving No. 6 for the State. 100 Ark. 189; 76 *Id.* 286; 40 *Id.* 511.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.  Instruction No. 6 for the State correctly states the law as to the defense of insanity in a case of this kind. 50 Ark. 511; 120 *Id.* 530; 100 *Id.* 189; 133 Ark. 38.

2.  Voluntary drunkenness is not a defense for any crime. 40 Ark. 511; 43 *Id.* 331; 54 *Id.* 283; 110 *Id.* 300; 34 *Id.* 341.

3.  It is the sale of liquor that constitutes the crime. Specific intent is not the gist of the crime. The offense is the sale. 91 Ark. 503; 34 *Id.* 469.

4.  Instruction No. 1 for appellant was properly refused. Cases *supra.*

HUMPHREYS, J. Appellant was indicted in the Eastern District of Lawrence County for selling liquor on the 1st day of January, 1918, and was thereafter convicted of said crime. From the judgment of conviction he has prosecuted an appeal to this court.

Appellant's main defense to the charge was insanity. The uncontradicted evidence showed that in the year 1914 appellant became insane for several months on account of continuous drinking; that he was placed in the Hospital for Nervous Diseases for treatment; that he remained there some three or four months, after which time he was taken to his brother's home at Walnut Ridge; that he recovered, but thereafter the slightest intoxication would produce temporary attacks of insanity; that on several occasions he returned from the State hospital, and prior to the time of the alleged sale of the liquor he had several temporary attacks of insanity caused by drinking; that he was under his brother's care about a week prior to the alleged sale, on account of drinking.

Appellant's evidence tended to show he was not conscious of having sold liquor to the State's witnesses.

The evidence for the State tended to show that most of the time appellant was able to work and look after his own affairs and that he was sober and not under the influence of liquor and not insane at the time he sold the liquor to the State's witnesses.

It is contended by appellant that the court committed reversible error in giving instruction No. 6 over the objection of appellant and in refusing to give instruction No. 1, requested by appellant.

Instruction No. 6, given over the objection of appellant, is as follows: "To establish this defense of insanity, the defendant must show by a preponderance of the evidence that at the time of the alleged sale or sales he was insane to such an extent as to render him incapable of distinguishing right from wrong in respect to the sale of liquor; or, that if he knew that he made such sale or sales that his insanity was such that he was ignorant that it was wrong. The mere fact, however, that the defendant may have been drunk at the time of the alleged sales in this case would not excuse him, for under the laws of this State voluntary drunkenness is not an excuse for any crime or misdemeanor."

Instruction No. 1, requested by appellant and refused by the court, is as follows: "If you believe from the evidence that the defendant has a diseased and infirm mind, even though it was caused by drunkenness, and that such infirmity or disease so affected his mind that he had temporary spells of loss of mind, and that he was suffering from such infirmity to the extent that he did not appreciate the criminality of his act at the time he sold the liquor, if you find he sold it, to the prosecuting witness, he would not be guilty of any offense and you should acquit."

Under our law, the sale of liquor, and not the intent with which it was sold, constitutes the offense. Voluntary intoxication to the extent that one can not comprehend the criminality of the act of selling liquor is not a

defense to the crime. One must indulge in drink until it produces a permanent or periodical insanity before the insanity caused thereby can be pleaded as a defense to this character of crime. One of our cases describes the condition of mind resulting from continuous drinking, which may be pleaded as a defense to crimes requiring no specific intent, as a "fixed insanity." *Byrd* v. *State,* 76 Ark. 286; *Alford* v. *State,* 110 Ark. 300.

Instruction No. 6, given by the court, in its broadest interpretation announced the law. It carried the idea that one temporarily bereft of reason on account of voluntary drunkenness could be convicted of selling liquor, while one insane on that account could not. The idea might have been more aptly and accurately expressed, and perhaps should have been, because the province of instructions is to state and apply the law to facts in a particular case so that it may be readily understood by the mind untrained in the law. We find no reversible error in instruction No. 6. If appellant desired a declaration of law more definitely conveying the idea that periodical insanity produced by the continuous use of liquor would constitute a defense to the crime if committed during an insane interval, he should have requested an instruction clearly and definitely embodying that idea. Instruction No. 1, requested and refused, is misleading in this regard. The jury might have inferred from it that the "temporary spells of loss of mind" caused by voluntarily getting drunk would excuse him. Nearly every man who gets drunk has a "temporary spell of loss of mind" while under the influence of the intoxicant. As before stated, a fixed insanity must result from continued drinking, which prevents one from knowing whether the act committed was right or wrong, either permanently or at intervals, before it can be interposed as a defense to such crimes.

No error appearing, the judgment is affirmed.