EVANS v. STATE.

Opinion delivered January 17, 1921.

1. HOMICIDE—EVIDENCE.—In a prosecution for assault with intent to kill, evidence *held* sufficient to sustain a conviction.

2. HOMICIDE—ASSAULT WITH INTENT TO KILL—EVIDENCE.—A charge of assault with intent to kill can not be sustained unless the evidence would have warranted a conviction for murder if death had resulted from the assault, but the proof is sufficient where, if death had resulted, it would have been murder in the second degree, coupled with the specific intent to take the life of the person assaulted.

3. HOMICIDE—INTENT TO KILL.—The intent to kill, constituting an element of the crime of assault with intent to kill, need not have existed for any appreciable length of time.

4. CRIMINAL LAW—REQUEST FOR INSTRUCTION.—Where the defendant in a prosecution for assault with intent to kill requested the court to charge the jury upon the offense of aggravated assault, but did not present a correct instruction on this phase of the case, he can not complain of the court's failure to give a charge on that phase of the case.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark*, Judge; affirmed.

*Gregory & Holtzendorff*, for appellant.

1. The court erred in its refusal to instruct the jury on aggravated assault as requested by defendant. 72 Ark. 571; 96 *Id.* 52; 131 S. W. 46; 103 Ark. 28; 21 Cyc. 785.

2. The verdict is not supported by the evidence. Before defendant could be convicted of assault with intent to kill, the evidence must be of such weight and sufficiency as to make it appear beyond reasonable doubt that, had death ensued, the defendant would have been guilty of murder in the first or second degree. 21 Cyc., pp. 789-90; 110 Ark. 209. The evidence here only showed

an aggravated assault or simple assault, and the court should have by proper instruction submitted only that issue to the jury. 21 Cyc. 746-7; 110 Ark. 209; 72 *Id.* 571. The court by its instructions prevented the jury from passing at all upon the question of aggravated assault. The court should have instructed the jury on aggravated assault and left it to the jury to say upon the whole case whether defendant was guilty or not of assault with intent to kill, etc.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee; *Elbert Godwin,* of counsel.

1. Appellant can not complain of the refusal of the court to submit an issue, until he asked for instructions on the issue, which were correct. 110 Ark. 567. The exceptions were too general. 47 L. R. A. (N. S.) 717; 88 Atl. 523; 87 Vt. 115. Appellant can not complain, as he did not ask a suitable instruction. 16 L. R. A. 963; 116 N. W. 281; 81 Neb. 546. Mere failure to instruct a jury on a particular issue is not reversible error, unless a specific instruction covering the issue is asked. 20 L. R. A. 340; 98 Pac. 634; 44 Col. 472.

2. The evidence was legally sufficient to sustain the verdict. 60 Ark. 76; 119 *Id.* 6.

Hart, J. W. T. Evans prosecutes this appeal to reverse a judgment of conviction against himself for the crime of assault with intent to kill.

A. J. Screeton was the prosecuting witness. According to his testimony, he was 63 years of age and had known the defendant, W. T. Evans, for twenty-five years at the time the alleged assault was committed. On the 24th day of March, 1920, Screeton went to the back side of Simms's store in the town of Hazen, in Prairie County, Arkansas, and saw the defendant, Evans, standing in the door. Screeton told Evans that he wanted to talk to him about their land matter, and Evans replied that he did not want to talk with Screeton and admonished him not to

come into the store. Screeton walked into the store and again told Evans that he wanted to talk with him about their land matter. Evans walked on about forty feet toward the other end of the store and Screeton followed him. Finally Evans turned around, and Screeton stopped and again told Evans that he had come there to talk business with him. At that time Screeton was about fifteen or twenty feet away from Evans. Evans again told Screeton that he had better go out of the store. Screeton said that Evans owed him about $648, and that he wanted a settlement with him, as he knew that Evans was going home in a few days. Screeton then turned around and started out of the door of the store when the defendant, Evans, shot him. Screeton did not see Evans shoot at him, but saw the blaze come out of the pistol and felt the sting of a bullet. Screeton continued to walk away from the defendant, and the defendant again fired a second shot which struck Screeton in the back. The first shot entered the back part of the witness' arm and came out of the front part of it. The second shot hit Screeton in small of the back. Both shots struck Screeton in the back, and he was walking away from Evans at the time the latter shot at him.

On cross-examination Screeton denied that he cursed or abused the defendant just before he was shot.

Other witnesses who were present corroborated the testimony of Screeton in the main, but said that Screeton cursed Evans just before the latter shot him.

The defendant, Evans, was a witness for himself. According to his testimony, Screeton followed him into the store and cursed and abused him about the land matter. Evans continued to walk away from Screeton until he reached the front end of the store, and then Screeton approached him with his fist shut up as if he was going to strike him. When Screeton got within five or six feet of Evans, he slipped his hand down on the inside of his coat, and Evans said, "Don't do that!" and immediately fired. The pistol used was an automatic one, and Evans fired the second shot without intending to do so. Evans

fired at Screeton because he thought the latter was going to shoot or cut him when he reached his hand down inside of his coat.

Other witnesses corroborated the testimony of the defendant.

It is earnestly insisted by counsel for the defendant that the evidence is not sufficient to support the verdict. We can not agree with counsel in this contention. The law is that a charge of assault with intent to kill can not be sustained unless the evidence would have warranted a conviction for murder if death had resulted from the assault; but the proof will be sufficient to sustain the charge where, if death had resulted from the assault, it would have been murder in the second degree, coupled with the specific intent to take the life of the person assaulted. *Allen* v. *State,* 117 Ark. 432 and cases cited, and *Slaytor* v. *State,* 141 Ark. 11.

Tested by this rule, the evidence was sufficient to warrant the jury in convicting the defendant of the crime of assault with intent to kill. Under the authorities above cited, while there must have been a specific intent to kill, it need not have existed for any appreciable length of time, and malice could be inferred from the fact that the assault was committed with a deadly weapon, in connection with the surrounding circumstances.

According to Screeton's testimony, he did not even curse or abuse Evans or do anything to provoke the assault. He was an elderly man and only insisted on talking with Evans about a land matter. He was unarmed and made no threats or demonstrations of any kind toward Evans. Evans drew his pistol and fired two shots at Screeton at a time when Screeton's back was to him and when Screeton was walking out of the building.

The jury believed the testimony of Screeton and the other witnesses for the State and disregarded the testimony of the defendant and his witnesses. This it had the right to do.

Counsel also contend that the judgment should be reversed because the court refused to give an instruction on aggravated assault. Counsel for the defendant did not present to the court any instruction on aggravated assault. He simply asked the court to instruct the jury on that phase of the case, without presenting any instructions whatever. Under our practice this was not sufficient. The defendant or his counsel should have presented to the court a correct instruction on this phase of the case, and, not having done so, he can not now complain of the ruling of the court. The court was not required to prepare and give the instruction on its own motion. *Bradshaw* v. *State,* 95 Ark. 409; *Hankins* v. *State,* 103 Ark. 28, and *Johnson* v. *State,* 132 Ark. 128.

No other assignments of error are presented, and the judgment will be affirmed.