FRANCIS *v.* STATE.

Crim. 3885

Opinion delivered May 21, 1934.

*M. Rountree,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

JOHNSON, C. J. The grand jury of Hot Spring County, Arkansas, returned the following indictment against appellant at the regular January, 1934, term thereof:

"The grand jury of Hot Spring County, in the name and by the authority of the State of Arkansas, accuses Dewey Francis of the crime of assault with intent to kill, committed as follows, to-wit: The said Dewey Francis in the county and State aforesaid, on the 7th day of August, 1933, in and upon one J. R. Sirratt, then and there being, with a dangerous weapon, to-wit: a knife, with which the said Dewey Francis was then and there armed and which was then and there had and held in the hands of him, the said Dewey Francis, unlawfully, wilfully and of his malice aforethought, did make an assault with intent to kill the said J. R. Sirratt, then and there with the knife aforesaid, feloniously, wilfully and of his malice aforethought to kill and murder the said J. R. Sirratt by cutting and stabbing him with said knife aforesaid, against the peace and dignity of the State of Arkansas."

Upon trial, appellant was convicted of assault to kill as charged in said indictment and his punishment fixed at five years in the State penitentiary.

Because of the views hereinafter expressed, it will be unnecessary to review the evidence in detail; it suffices to say that the evidence produced in behalf of the State was amply sufficient to sustain the charge of assault to kill.

Among other instructions given on behalf of the State, over appellant's objections, the trial court gave to the jury instruction number 5 as follows: "You are further instructed that, if you believe from the evidence in this case beyond a reasonable doubt that the defendant

cut J. R. Sirratt with a knife, that the burden of proving circumstances of mitigation that justify or excuse the cutting is placed on the defendant.''

Appellant contends that the giving of this instruction No. 5 was reversible error, and we agree with this contention. Section 2335, Crawford & Moses' Digest, provides: ''Whoever shall feloniously, wilfully and with malice aforethought, assault any person with intent to murder or kill, or shall administer or attempt to give any poison or potion with intent to kill or murder, and their counsellors, aiders and abettors, shall, on conviction thereof, be imprisoned in the penitentiary not less than one nor more than twenty-one years.''

Since the pronouncement in *Lacefield* v. *State,* 34 Ark. 275, we have consistently held, to sustain an indictment for assault with intent to kill, the evidence must be such as will warrant a conviction for murder if death had resulted from the assault. *Allen* v. *State,* 117 Ark. 432, 174 S. W. 1179; *Deshazo* v. *State,* 120 Ark. 494, 179 S. W. 1012; *Davis* v. *State,* 115 Ark. 566, 173 S. W. 829; *Alford* v. *State,* 110 Ark. 300, 161 S. W. 497; *Jones* v. *State,* 100 Ark. 195, 139 S. W. 1126.

Moreover, we have many times held that the evidence to warrant a conviction for assault with intent to kill must not only be such as to warrant a conviction for murder if death had resulted from the assault, but must further show a specific intent to take the life of the person assaulted. *Chrisman* v. *State,* 54 Ark. 283, 15 S. W. 889; *Chowning* v. *State,* 91 Ark. 503, 121 S. W. 735; *Allen* v. *State, supra.*

We have always held that the burden of proof was upon the State to establish the guilt of the accused as charged in the indictment beyond a reasonable doubt. 5 C. J., § 302, p. 778. The instruction heretofore quoted ignores this well-planted rule of law. It tells the jury, in effect, that, if appellant cut the prosecuting witness with a knife, the burden of showing mitigating circumstances devolves upon the accused.

Neither can the above instruction be justified under § 2342, Crawford & Moses' Digest, which provides: ''The

killing being proved, the burden of proving circumstances of mitigation that justify or excuse the homicide shall devolve on the accused, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide.''

By the plain language of this section of the digest, it is only applicable in homicide cases. From a casual reading of the statute, just quoted, it definitely appears that this statute cannot be invoked in assault cases. The language, ''The killing being proved,'' is amply sufficient to sustain this position.

Moreover, we expressly determined in *Parsley* v. *State,* 148 Ark. 518, 230 S. W. 587, that it was reversible error for the trial court to invoke this statute in assault cases.

Other errors are pressed upon us for reversal, but we deem them not of sufficient importance to here discuss. It is entirely possible that these alleged errors will not recur upon another trial.

For the error indicated, the judgment of conviction is reversed, and the cause is remanded for a new trial.