F RANCIS *v.* S TATE.

Crim. 3912

Opinion delivered December 17, 1934.

94

*Walter L. Pope,* Attorney General, and *Robt. F. Smith,* Assistant, for appellee.

BAKER, J. The appellant, Dewey Francis, was indicted by the grand jury at the January, 1934, term of the circuit court of Hot Spring County, upon a charge of assault with intent to kill and murder J. R. Sirratt.

The appellant was tried upon that charge and, upon conviction, was given a five-year sentence to the penitentiary. Upon appeal the judgment of conviction was reversed. The opinion of the reversal appears as *Francis.* v. *State,* 189 Ark. 288, 71 S. W. (2d) 469. This opinion was delivered May 21, 1934. The appellant was notified immediately of the reversal of this former judgment.

On the 4th day of July, the circuit judge, together with the prosecuting attorney and other lawyers, made at least a tentative setting of cases to be tried at the next term of the circuit court to be convened in Hot Spring County, and this case, upon the mandate of the Supreme Court, was set tentatively, at least, for the 17th day of July, 1934. On July 7th a letter was written by the prosecuting attorney advising appellant's attorney of this setting.

On the 16th of July, as we gather from the record, appellant filed his motion asking for a continuance of the case, which motion was to the effect that legal notice had not been given of the reversal and remanding of the case for a new trial, and therefore that defendant had

not prepared his case and would not be ready to try the case on the 17th of July, but the attorney and defendant did not suggest or pretend that they did not have actual notice of the fact of the reversal and remanding of the case. The court reset the case for July 18, at which time it proceeded to trial. Before the trial began the appellant filed a motion praying for a continuance, alleging his inability to secure the attendance of two witnesses, J. J. Hughes, who was said to have been temporarily absent on a visit in Oklahoma, and Sardis Speakman, a resident of the county, for whom subpoena had been issued.

In this motion appellant set up what he said would be the evidence of J. J. Hughes in regard to threats alleged to have been made by Sirratt against the defendant, and which threats were said to have been made in the presence of Hughes and others whose names were not set out, and other alleged threats concerning which Speakman would testify, practically to the same effect as the statements in regard to which Hughes would testify, except that Speakman alone heard the threats about which he would testify. It appears that no subpoena was issued for Hughes, and it is not shown when the subpoena was issued for Speakman.

The motion was not in conformity with the requirements of the statute, in that the appellant did not allege that he believed the statements which he expected to prove by the two witnesses were true. He did not set up anything that he had done in the way of attempting to procure the attendance of these witnesses, though he did allege that they were not absent through any connivance or lack of diligence on his part.

Counsel for appellant had actual notice more than a week prior to the time of the first setting for the trial of the case on July 17, and appellant did not act upon this information in any manner prior to July 16; at least, if any action were taken in an effort to procure the attendance of the witnesses, no fact is shown to that effect. It was the duty of the appellant and his attorney to make all due preparation for the trial of the case after it had been remanded for a new trial, beginning, at least,

on the date of the filing of the mandate on June 9, 1934, more than a month prior to the time of the trial. The trial court was correct in overruling both motions, at least, he did not abuse his discretion. *Parker* v. *State,* 173 Ark. 1182, 291 S. W. 804; *King* v. *State,* 177 Ark. 812, 7 S. W. (2d) 989. See *Shank* v. *State,* 189 Ark. 243, 72 S. W. (2d) 519, and cases cited.

Objection was made to certain instructions given by the court and exceptions saved, and other exceptions were saved to the refusal of the court to give two instructions offered by the appellant. We have carefully examined all of these instructions, both those given and those refused, and it is sufficient to say that we find no prejudicial error in the action of the court in regard to them. It might be noted, in passing, that instruction No. 3, requested by the appellant and refused by the court, as it appears in this record is not the law and was properly refused. Other instructions requested by the appellant and given by the court, covered every theory of the defense and some of them were more favorable to the appellant than he was entitled to have, for the reason that they were abstract, in that testimony was wholly lacking as to some of these theories, but, of course, he cannot complain upon that score. All of the matter covered by the refused instruction No. 9, asked by the appellant, was included in other instructions, so far as pertinent to any issues. Besides, said instruction was abstract.

Objection was further made to the effect that the court erred in permitting S. E. McClard to testify about certain facts when called as a witness in rebuttal, and also to the same effect in regard to another witness, Delius Eiford, whose testimony was also in rebuttal.

McClard is the officer who arrested the defendant after the cutting affray and who made some examinations of alleged cuts or scratches upon defendant's face, arm and body. He was called after the defendant had testified, most probably with the idea of contradicting defendant's testimony in regard to these cuts or scratches, but his testimony tended more to corroborate than to contradict.

The defendant, in his testimony, stated that he had made no threats at any time of any kind against Sirratt. The State, in rebuttal, put on Delius Eiford, to contradict these statements and prove a threat alleged to have been made by Francis. Objection was made to this testimony of Eiford.

The defendant had made himself a witness. He was subject to the same rules as any other witness testifying in the case. Questions asked him were not collateral and therefore were subject to be contradicted as any other witness might have been under the same conditions and circumstances. But, even though it were granted that this testimony was offered out of time, or regular order, yet there would be no reversible error. *Jordan* v. *State*, 165 Ark. 502, 265 S. W. 71; *Adams* v. *State*, 173 Ark. 713, 293 S. W. 19; *Floyd* v. *State*, 181 Ark. 185, 25 S. W. (2d) 766.

The contention of appellant that this evidence, if offered at all, should have been presented by the State in proof of its case in chief is therefore without merit.

A careful examination of the entire record discloses no prejudicial error.

The judgment of the circuit court is therefore affirmed.