WILHITE *v.* STATE.

4343 178 S. W. 2d 55

Opinion delivered February 28, 1944.

*A. C. Hervey*, for appellant.

*Guy E. Williams*, Attorney General, and *Oscar E. Ellis*, Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with the crime of assault with intent to kill one H. H. Crockett by shooting at him three times with a pistol on June 6, 1943. On a trial he was found guilty, and his punishment fixed at three years in the state penitentiary.

For a reversal of this judgment, appellant first contends that the evidence is insufficient to support the ver-

dict and judgment of conviction of assault with intent to kill, in that (a) the specific intent to kill was not established; (b) had death resulted he could not have been convicted of murder; and (c) there was no proof of malice. The facts, when viewed in the light most favorable to the state are: Mr. Crockett, the prosecuting witness, was store manager for a firm at Stuart, Arkansas. On Sunday morning, June 6, 1943, appellant and a number of other tenants of the F. S. A. project near by were at the store. Most of them including appellant are negroes. Some of them, including appellant, wished to cash their F. S. A. checks. Crockett testified that appellant came to his office in the back of the store and said he wanted to cash a check and asked for a pencil to indorse the check; that there was a pencil tied to a string right at his hand, and appellant said the second time "give me a pencil," and was told there was a pencil lying at his hand, and appellant said: "To hell with you, God damn you," to which the witness replied: "Listen, you are talking to a white man," and Crockett then went out of the office door and appellant shoved him back against the wall. He then went back in the office, and appellant told him to get back in there and not to come out. He then went to the filing cabinet, got a gun that was kept in the cabinet, pushed the office door open, and appellant fired a shot at him that hit a piece of wood and then hit a steel filing cabinet and the bullet fell to the floor, missing him from 8 to 12 inches. Crockett then fired a shot at appellant, not to hit him, but above his head. Appellant then fired at him twice more as he backed out of the store, but without hitting him. Crockett fired only one time. Appellant and his witnesses gave another version of the trouble, which made a disputed question of fact for the jury.

The court fully instructed the jury on the law of the case, that if appellant "unlawfully, wilfully and feloniously and with malice aforethought" assaulted Crockett "with a pistol with the intent" to kill him, and the jury so found beyond a reasonable doubt, it would be their duty to convict him. And further that it was necessary for the state to show a specific intent to take life to con-

stitute the crime charged, which intent might be shown by facts and circumstances and in determining this they would "take into consideration the manner of the assault, the nature of the weapon used, the manner in which it was used and other facts and circumstances tending to show the state of defendant's mind at the time of the assault." This was a correct declaration and is not questioned. The court also submitted the lower degrees of the offense charged, aggravated assault and assault and battery, and we think the jury was warranted in finding appellant guilty. From *Lacefield* v. *State,* 34 Ark. 275, 36 Am. Rep. 8, down to the present or at least to *Francis* v. *State,* 189 Ark. 288, 71 S. W. 2d 469, we have consistently held that to sustain a charge of assault with intent to kill, the evidence must be such as would support a conviction for murder, if death had resulted from the assault, and must also show a specific intent to kill. We think the evidence here was sufficient to support the charge.

A number of other assignments of error are argued, relating to the admissibility of certain evidence, the cross-examination of certain witnesses for appellant, including appellant and his wife and certain remarks made by the prosecuting attorney in his argument to the jury. To take up these matters and discuss them separately would greatly extend this opinion to no useful purpose. Many of the objections and exceptions to testimony brought out by the state, conceding them to be meritorious, were sustained by the court, when during the trial, the following ruling was made: "Gentlemen of the jury, this morning certain testimony was offered here on the part of the state with reference to a letter from the F. S. A. authorities to Anderson Tulley saying that they would not be responsible for certain debts created by their tenants unless they were specifically authorized. I have determined now that this testimony is not proper in this case and is not material to the issues here being tried. For that reason, it is withdrawn from your consideration, and you are directed that you will not consider such testmony for any purpose whatever in the trial of this defendant."

We find no error, so the judgment is affirmed.