BONDS *v.* STATE

5184                                                403 S. W. 2d 52

Opinion delivered May 23, 1966

*Robert E. Irwin* and *Williamson & Mattingly,* for appellant.

*Bruce Bennett,* Attorney General; *Jerry Faubus,* Asst. Attorney General, for appellee.

GEORGE ROSE SMITH, Justice. By information the appellant was charged with having assulted Glen Grace and other deputy sheriffs with intent to kill. This appeal is from a verdict and judgment finding the appellant guil-

ty and sentencing him to penitentiary confinement for three years.

Despite the objections of the accused the trial court permitted the State to prove that on other occasions Bonds had committed assaults upon police officers. The court instructed the jury that this evidence was admitted to show the propensity of the accused to commit offenses of the type charged in this instance. That ruling was reversible error, for the reasons stated in *Long* v. *State,* 240 Ark. 687, 401 S. W. 2d 578 (1966).

The appellant questions the sufficiency of the proof to establish the necessary elements of the crime of assault with intent to kill. One of the elements to be proved by the State is the defendant's specific intent to take the life of the person assaulted. *Francis* v. *State,* 189 Ark. 288, 71 S. W. 2d 469 (1934). The intent may, however, be inferred from the circumstances of the assault. In *Morris* v. *State,* 226 Ark. 472, 290 S. W. 2d 624 (1956), we sustained a conviction upon proof that the 23-year-old defendant had used his fists to commit a violent and brutal attack upon his elderly disabled father-in-law. Each case must rest upon its own facts.

Here the assault occurred outside a roadhouse on the night of September 4, 1965. Several officers were raiding the place when Bonds arrived in his car, visibly under the influence of intoxicants. Lyle Hawkins, a special deputy sheriff who was not in uniform, attempted to place Bonds under arrest. Bonds resisted the attempt to detain him, questioning Hawkins's authority in the matter. Two other deputies, Carter and Grace, came to Hawkins's assistance. The three men subdued Bonds by wrestling him to the ground and handcuffing his wrists. The handcuffs were applied while Bonds's arms were in front of him rather than behind his back.

When Bonds was permitted to stand up he cursed the officers, threatened to kill them, and tried to attack them with his fists. He succeeded in striking Hawkins in

the face, cutting his cheek and lip, and in hitting Grace as well, injuring his left hand. Two of the officers at once quieted Bonds by using their night sticks, and a few moments later a third officer struck Bonds so hard that he was unconscious for nearly an hour and had to be taken to a hospital.

We do not consider the State's proof to be sufficient to establish an assault with intent to kill. The officers were all armed with billy clubs. At least two of them weighed 200 pounds or more. Bonds, on the other hand, was already in handcuffs when the assault occurred and was hardly in a position to inflict serious injuries upon his adversaries. We do not think the testimony supports an inference that Bonds attacked the officers with the required specific intent to take their lives. At most, his drunken anger led him to provoke a decidedly unequal fist fight.

In view of the court's error in permitting the State to introduce proof of prior assaults the case must be remanded for a new trial. The State will then have an opportunity to offer additional proof of Bond's criminal intent. If, however, the evidence is substantially the same as that now in the record, only the lesser degrees of assault, such as assault with a deadly weapon and aggravated assault, should be submitted to the jury. We need not discuss the appellant's other contentions, for they concern matters that are not apt to arise upon a retrial.

Reversed.