1156

Eugene MYRICK *v.* STATE of Arkansas

5356                                                 428 S. W. 2d 241

Opinion delivered June 3, 1968

*Branch & Adair,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

PAUL WARD, Justice. Eugene Myrick (appellant) was charged with the crime of "assault with intent to kill" his wife, Louise Myrick. He was likewise charged with the same crime against his mother-in-law, Mrs. Strope. Both assaults were alleged to have occurred at the same time and place—on November 4, 1967 at the home of Mrs. Strope.

Upon trial, appellant was found guilty, as charged, of the assault on his wife and his punishment was fixed at imprisonment in the penitentiary for three years. He was found guilty of an aggravated assault upon Mrs. Strope, was fined $50 and imprisoned in the county jail for thirty days.

Appellant now seeks only to reverse the conviction for assault with intent to kill his wife. Set out below is a brief statement of the background facts.

Appellant and his wife have been married for sixteen or seventeen years, and they have five children who range in age from eight to fifteen years. To put it mild-

ly, their marriage has been turbulent, having separated some fifty times. About two weeks before the occurrence here in question (On November 4, 1967) Mrs. Myrick left home and moved into the home of her mother—Mrs. Strope. On the date last mentioned appellant went over to Mrs. Strope's house to give his wife $60 out of his weekly paycheck. While there the assaults took place. Mrs. Myrick was stabbed by appellant with a pocket knife twelve times about the arms, neck and torso. The picture introduced in evidence showed considerable blood on the floor and furniture. When Mrs. Strope attempted to protect her daughter she was stabbed five times. Appellant does not deny that the assaults took place, nor does he deny the extent of the injuries inflicted.

We have concluded that the case must be reversed because of the trial court's refusal to give appellant's requested instruction which reads:

> "The charge of assault with intent to kill requires that the defendant have a specific intent to take the life of the person assaulted. And in this connection if you find from a preponderance of the evidence that at the time of the doing of the thing charged the accused was so drunk that he could not have entertained the intent necessary to constitute the crime, then you will acquit the defendant of the crime of assault with intent to kill."

Appellant saved his exceptions to the court's refusal to give the requested instruction.

In the case of *Chowning* v. *State*, 91 Ark. 503, 121 S. W. 735, this precise question was under consideration. Appellant was convicted "of the crime of an assault with intent to kill one Lewellen", and the trial court refused to give appellant's requested instruction which, in material part, reads:

> "If you find and believe from the evidence that the

defendant was intoxicated to that extent that he was not conscious of what he was doing, being drunk to the extent that he could have no specific intent to kill, under the law he would not be guilty . . . of an assault to kill."

In reversing the trial court, this Court said:

"To constitute the crime of an assault with intent to murder or kill . . . a specific intent to take the life of the person assaulted must be shown."

\* \* \*

"Where the offense can be committed only by doing 'a particular thing with a specific intent, it may be shown that at the time of doing the thing charged the accused was so drunk that he could not have entertained the intent necessary to constitute the crime.' "

It can hardly be contended here that there was no testimony to justify giving the instruction requested by appellant. Appellant testified, without contradiction, in substance: Every time my wife would leave me I would start drinking; This time I had been drinking fifteen days with nothing to eat and no sleep; On November 3rd when I got off from work I started drinking and drank until I could drink no more; I got off at 3:30 p.m. (on the day of the assault). I went to the tavern and drank six or seven beers before going to see my wife; on the way over I stopped and got another beer; and then I bought a half pint of whiskey and drank half of it; and when I got to the house my wife sent up and got six beers and they brought that down there—and I don't know—I drank one or two of the beers; by then I was so drunk I didn't hardly know what was happening. I don't remember every thing that happened.

In view of what we have said above, we conclude that the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

We have examined the other alleged errors but find no merit in them.

Reversed.

FOGLEMAN, J., disqualified.

HARRIS, C. J., and JONES, J., dissent.