LONG v. STATE

5155                                          401 S. W. 2d 578

Opinion delivered April 18, 1966

*Felver A. Rowell, Jr.,* for appellant.

*Bruce Bennett,* Attorney General, *Russell J. Wools,* Asst. Atty. General, for appellee.

FRANK HOLT, Justice. Upon a change of venue the appellant was tried and convicted upon the charge of second degree murder. The jury assessed his punishment at 12 years in the State Penitentiary and from the judgment upon that verdict comes this appeal.

For reversal appellant first contends the evidence is insufficient to sustain the verdict. The appellant was arrested and placed in jail upon a charge of public drunkeness. He was placed in a jail cell with two others, Hervey Henley and Wesley Greenlaw, who were also in jail for public drunkeness. A short time after appellant was placed in this cell the officers investigated a disturbance there. They found Henley unconscious on the jail floor lying in a pool of blood. The appellant was standing nearby ''staggery drunk.'' His clothing and boots were covered with blood and he complained about his right hand which later became swollen. The other inmate, Greenlaw, who was perched in an upper bunk, heard appellant say: ''Get up old man,'' and then a struggle ensued. He also heard a woman's voice saying: ''Stop beating him or you will kill him.'' Henley was taken to a hospital where he died about 24 to 36 hours later from a fractured skull. There was evidence of multiple lacerations and bruises about his head, face, arms, back and chest. Without further detailing the evidence we are of the view that it is amply sufficient to sustain the verdict. *Stockton* v. *State,* 239 Ark. 228, 388 S. W. 2d 382.

Appellant further contends that it was error to admit as evidence a pair of metal knucks and a loaded pistol found on the person of appellant at the time of

his arrest and while being transported to the jail. The appellant is correct in this contention. There is no evidence that the weapons were in any manner relevant and connected with the crime charged in the information. We have recently held that a pistol found in the possession of an accused following a killing was improperly admitted into evidence. We said: "* * * there is no contention on the part of the State that the pistol was used in the killing. In these circumstances we do not think the pistol was admissible in evidence." *Rush* v. *State*, 238 Ark. 149, 379 S. W. 2d 29. See, also, *Everett* v. *State*, 231 Ark. 880, 333 S. W. 2d 233; 22A C.J.S. Criminal Law § 611. In the case at bar the weapons were removed from appellant's person before the commission of the alleged offense. There was no contention that the knucks and the loaded pistol were used in the commission of the crime or possessed for that purpose.

Nor can it be said that these weapons were admissible in evidence to show appellant's propensity for being an argumentative and combatant individual. An accused has the right to have his guilt or innocence resolved upon evidence relevant to the specific charge made in the information. *Henson* v. *State*, 239 Ark. 727, 393 S. W. 2d 856. There we quoted with approval: "* * * a criminal defendant is entitled to have his guilt or innocence determined on the specific offense charged and not risk the possibility of conviction for a series of prior specific acts which collectively suggested that his career had been reprehensible." See, also, *Williams* v. *State*, 183 Ark. 870, 39 S. W. 2d 295.

To the same effect is the case of *People* v. *Zackowitz*, 254 N. Y. 192 (1930). There the court held erroneous the admission of evidence that the accused had other weapons in his apartment, at the time of a street murder, for the purpose of showing professional criminality and murderous propensity. Justice Cardozo, speaking for the court, said:

"If a murderous propensity may be proved against

a defendant as one of the tokens of his guilt, a rule of criminal evidence, long believed to be of fundamental importance for the protection of the innocent, must be first declared away. Fundamental hitherto has been the rule that character is never an issue in a criminal prosecution unless the defendant chooses to make it one (Wigmore, Evidence, Vol. 1, § § 55, 192). * * * There may be cogency in the argument that a quarrelsome defendant is more likely to start a quarrel than one of milder type, a man of dangerous mode of life more likely than a shy recluse. The law is not blind to this, but equally it is not blind to the peril to the innocent if character is accepted as probative of crime.''

Appellant also contends for reversal that the trial court erred in permitting the prosecuting attorney to comment in his closing argument upon the failure of appellant's wife to testify in his behalf. Ark. Stat. Ann. § 43-2019 (Repl. 1964) permits one spouse to testify for the other in a criminal case. The statute prohibits the state from calling a spouse to testify against the other. Since this point was not preserved in the motion for a new trial we cannot consider the matter on appeal. *Decker v. State,* 234 Ark. 518, 353 S. W. 2d 168; *Blaylack v. State,* 236 Ark. 924, 370 S. W. 2d 615. However, in view of a retrial of this case we think it proper to observe that upon this point being properly presented to us it could possibly contain merit. We deem it unnecessary to discuss any other contention presented by appellant.

Reversed and remanded.

AMSLER, J., not participating.