**Charles Raymond DAVIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 20665.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1966.

John F. Dethlefsen, San Francisco, Cal., for appellant.

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Donald M. Fenmore, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

After a trial by jury in the United States District Court for the Southern District of California, Central Division, Charles R. Davis, also known as Robert E. Nelson, appellant herein, was convict-

ed of knowingly transporting a stolen motor vehicle in interstate commerce, a violation of 18 U.S.C. § 2312.[1] Appellant made a timely appeal to this court which has jurisdiction under 28 U.S.C. §§ 1291, 1294.

Appellant summarized his grounds for appeal as "(1) the evidence was insufficient for conviction as a matter of law; (2) from the evidence presented the only conclusion that can be drawn is that appellant was legally insane; (3) prejudicial error was committed by the introduction of a certified copy of felony conviction and references made and the introduction of hearsay evidence charging the appellant with the commission of criminal acts."

As to his first contention, the record shows that Hubert R. Rowland was the owner of the automobile in question. On the evening of December 24, 1964, he parked the car near a church in Blythe, California, and attended services therein. When he emerged from the church the car was gone. He notified the Police Department in Blythe that his car was missing. Rowland testified he did not know the appellant and had never given permission to him to drive the car.

On December 30, 1964, the appellant was seen driving the automobile in question near Moab, Utah, by a member of the Utah Highway Patrol. The officer stopped and questioned appellant, learning that he had neither a driver's license nor a registration certificate for the automobile. Upon further questioning appellant admitted he had stolen the car in Blythe, California, on December 24 and had driven it through California, Colorado, Wyoming and Utah. He stated that during this trip he purchased gasoline by use of a credit card he bought from "some guy in a bar" whom he could not further identify. At the request of the officer he got the credit card from a slit in a seat cover on the front seat of the automobile where it was hidden. The

card was in the name of Charles R. Davis, a person who was not appellant and who had previously reported the card stolen.

■ The evidence set out above was sufficient to justify appellant's conviction.

■ We proceed to appellant's contention as to his insanity. After appellant's arrest the United States District Judge in Utah ordered that he be given a psychiatric examination. Accordingly, appellant was examined by four doctors on the staff of the Medical Center for Federal Prisoners, Springfield, Missouri. The reports of these examinations were admitted in evidence by stipulation of both counsel. They showed a history of mental hospitalization. In 1962 while he was in prison apparently for burglary he was transferred to a state hospital because he could not adjust to the prison, but he returned to prison after treatment. In 1963 he was in a mental hospital for about four months. All these reports indicated appellant's sanity. In one of them the following statement was made:

"Charles Raymond Davis was known by many of the staff members when he was formerly at the Medical Center under the name of Robert Ryan from June 18, 1963, to September 28, 1963.

"The staff considered his past history, not only as recorded in the institutional records, but the reports of his adjustment since his return to the Medical Center and he himself appeared in person.

"There were no findings at the staffing that would suggest that he has a break with reality; he was not delusional, hallucinating, depressed, elated and did not have a thought disturbance.

"It was the unanimous opinion of the staff that he is able to return to court for further adjudication as being able to understand the charges against

---

1. § 2312. Transportation of stolen vehicles
 Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been

stolen shall be fined not more than $5,000 or imprisoned not more than five years, or both.

him, to assist in his defense and to cooperate with counsel."

Appellant was not called as a witness nor were any other witnesses called to testify on his behalf. The court correctly instructed the jury on the issue of insanity and no objection was made to these instructions. We see no merit to appellant's second contention.

As to appellant's third contention, the record shows the following facts. Over appellant's objection, the prosecution introduced a certified copy of appellant's 1963 Montana conviction for auto theft. He was released from prison on this charge on December 4, 1964, twenty days before the theft of the automobile now in question. The prosecution contended that the prior conviction was a similar act indicating a common scheme and plan. The court sustained appellant's objection to this theory, but admitted the conviction to show intent and knowledge.[2] We have set out below the statement made by the court at the time of the admission of the record of conviction.[3]

In its instructions at the conclusion of the case, the court gave a similar admonishment to that set out in the margin. Appellant's counsel made no objection or exception to any of the court's instructions.

The document admitted in evidence was a certified copy of a Montana judgment of conviction of Robert Nelson on October 24, 1963, for the crime of "taking and using an automobile without the consent of the owner." The document further showed that as punishment for said offense Nelson was sentenced to eighteen months of imprisonment in the Montana State Prison. It is admitted that appellant and this "Robert Nelson" are one and the same.

In Johnston v. United States, 22 F.2d 1, 5 (9th Cir. 1927), we stated:

"The general rule is unquestioned that, when a defendant is put on trial for one offense, evidence of a distinct offense unconnected with that laid in the indictment is not admissible. [Citations.] While this is the general rule, the exceptions are so numerous that it has been said: 'It is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions.'"

In Sachs v. United States, 281 F.2d 189, 191 (9th Cir. 1960), this court further stated:

"Among the exceptions recognized by this Court is that which permits evidence of wrongful acts where such evidence bears on criminal intent. Tedesco v. United States, 9 Cir., 1941, 118 F.2d 737; United Cigar Whelan Stores Corporation v. United States, 9 Cir., 1940, 113 F.2d 340, 347; Shreve v. United States, 9 Cir., 1939, 103 F.2d 796, 803, certiorari denied 308 U.S. 570, 60 S.Ct. 84, 84 L.Ed. 479. See also, Smith v. United States, 9 Cir., 1949, 173 F.2d 181, 184–185; Enriquez v. United States, 9 Cir., 1951, 188 F.2d 313, 316; Bush v. United States, 9 Cir., 1959, 267 F.2d 483, 489."

■ In this case we believe that the general rule is applicable and that the

2. The court stated, "The objection is overruled on this one for the purpose only of showing intent or to obviate the possibility of mistake. The jury can consider it in that regard."

3. THE COURT: Ladies and gentlemen, I want to admonish you that this is the record of the taking by the defendant previously of an automobile without the consent—record of conviction of his having previously taken an automobile without the consent of the owner.

But you may not consider this prior conviction as evidence of guilt of the defendant in this case. You may only consider it in connection with whether you feel that the defendant in this case, if he did the acts claimed, if he had the intent at the time on December 24th to steal the car in this case.

You can consider it in determining whether there might have been a mistake in his taking the car on the 24th. This prior conviction is admissible only for that purpose. It is not admissible as guilt of the offense charged in this case.

admission of the record of appellant's conviction was error. It was an isolated occurrence more than a year before the act in question and the crime was not the same as the present prosecution. We hold that there was not a sufficient connection, either in time or conduct, to justify its admission even though the court in its instructions limited its consideration by the jury. Its admission was not justified by any of the well known exceptions to the general rule. However, we do not think the error was sufficiently prejudicial in this case to cause a reversal. Here, the proof of the defendant's guilt was clear; the appellant admitted the crime to the arresting officer, and the fact of the prior conviction and imprisonment was included in the report of the examining psychiatrist admitted in evidence by stipulation. The judgment of conviction thus showed no more than what is elsewhere in the record.

Judgment affirmed.