**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Phillip KWITEK, Defendant-Appellant.**

**No. 17934.**

United States Court of Appeals, Seventh Circuit.

Oct. 26, 1970.

---

David J. Hase, Milwaukee, Wis., for defendant-appellant; Grootemaat, Cook & Franke, Milwaukee, Wis., of counsel.

David J. Cannon, U. S. Atty., Joseph Peter Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This appeal is from a judgment of conviction for the July 26, 1967, armed robbery of the Bank of Greenfield in Greenfield, Wisconsin, in violation of 18 U.S.C. § 2113(d).[1] This case has already had a checkered career.

In October 1967, defendant and others were indicted for this offense, and defendant entered a plea of not guilty. While awaiting trial, he escaped from the Ozaukee County Jail in Port Washington, Wisconsin, on December 12, 1967, after an assault on a jailer, but he was apprehended the next day. In January 1968, he withdrew his not guilty plea and entered a guilty plea, subsequently receiving a 20-year sentence. This sentence was vacated in December 1968 because the indictment had not averred that the bank was federally insured.

A proper indictment was returned on December 10, 1968, and defendant was found guilty after a jury trial in April 1969. However, on his motion a mistrial was declared and a new trial was simultaneously ordered because a summarization of defendant's criminal record had been mistakenly sent to the jury room and was considered during the jury's deliberations. In May 1969, defendant was found guilty after a second jury trial and was again sentenced to 20 years' imprisonment.

Defendant first attacks the sufficiency of the evidence adduced at his first trial, and he also asserts that certain irrelevant and prejudicial testimony was received in evidence at that trial. In urging that we have jurisdiction to review errors from the first trial, defendant relies solely on Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204, which did not involve a mistrial and merely held that a sentence of imprisonment is appealable even though its execution was suspended. Here the mistrial was granted on defendant's motion and with his express consent. There is no suggestion that it was necessitated by prosecutorial foul play. Therefore, "[h]e cannot successfully plead the bar of double jeopardy." United States v. Burrell, 324 F.2d 115, 119 (7th Cir. 1963). The proceedings at the first trial became nugatory and without legal effect and may not now be reviewed. Cf. Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974; Boggs v. Raines, 273 F.2d 636 (10th Cir. 1959); United States v. Kaufman, 311 F.2d 695, 698–699 (2d Cir. 1963).

Defendant also claims that evidence seized in a search of Room 308 at the Rokeby Arms Hotel in Chicago, Illinois, should have been suppressed and not introduced at the second trial. FBI Agent Stratton testified that pursuant to an arrest warrant defendant was arrested on the third floor of the hotel near the elevator in August 1967. He was then searched and a key to Room 308 was taken from his pocket. Stratton used the key to open that room, which was located 30 yards from the place of the arrest. He found a .38 caliber revolver on the night stand and a .25 caliber re-

---

1. Sentence was imposed only for violating Section 2113(d), as alleged in Count II. The court treated Count I of the indict-ment, based on Section 2113(a), and Count II as stating a single offense.

volver under a pillow on one of the beds. He also found a key deposit receipt and a room receipt in the wastebasket. Both receipts were received in evidence. The revolvers were seen by the jury and testimony concerning them was received, but they were neither offered nor received in evidence. They were not used in the Greenfield bank robbery.

█ █ Under Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 it is clear that the search of Room 308 without a search warrant violated the Fourth Amendment. Constitutional error was committed in admitting into evidence the receipts that were the fruits of that illegal search. Furthermore, it was prejudicial error to permit the revolvers to be discussed and displayed. The cautionary instruction that was given [2] could not obviate the inflammatory effect of these weapons. *Cf.* United States v. Reid, 410 F.2d 1223, 1226–1227 (7th Cir. 1969).

█ While we find no merit to defendant's remaining assignments of error, the conviction must be reversed and remanded to the district court for further proceedings. In the interest of justice and in order to facilitate the retrial, we direct the district court to observe the suggestion of the Minimum Standards for Criminal Justice approved by the American Bar Association that the trial judge should "not directly express

an opinion" that a witness' testimony is worthy or unworthy of belief.[3]

We are indebted to David J. Hase of the Wisconsin bar who has served with vigor and distinction as defendant's appointed counsel in this Court.

Reversed and remanded.

2. In the relevant instruction, the trial judge noted that testimonial reference had been made to the pistols and then stated:

"Those pistols have not been offered in evidence and must not be considered by you as evidence against the defendant. You must also exclude from your consideration of this case all testimony bearing on those weapons except that testimony which makes comparisons, as to size, color, shape, and the like, between those weapons and the weapons actually used in the bank robbery. In other words, you must not conclude that either of those weapons was actually used in the robbery of The Bank of Greenfield."

3. Section 4.7 of the Standards Relating to Trial by Jury covers the summary of and comment on evidence. Section 4.7(b)(iv) provides:

"The court may state the law and comment on matters in evidence bearing on the credibility of any witness, but may not directly express an opinion that certain testimony is worthy or unworthy of belief."

The commentary quotes with approval from Judge Lindley's opinion in United States v. Bookie, 229 F.2d 130, 134 (7th Cir. 1956), that the judge may not "intimate that certain testimony is worthy or unworthy of belief." See Standards Relating to Trial by Jury (prepared by American Bar Association project on Minimum Standards for Criminal Justice), pp. 121, 128 (1968).