**UNITED STATES of America,
Appellee,**

v.

**Jeffrey Allan OLSEN, Appellant.
No. 73-1193.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Nov. 6, 1973.

Rehearing and Rehearing En Banc
Denied Dec. 13, 1973.

Certiorari Denied March 25, 1974.
See 94 S.Ct. 1594.

David G. Roston, Minneapolis, Minn., for appellant.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

Jeffrey Allan Olsen was convicted of receiving and concealing coins and currency that had moved in interstate commerce, knowing same to have been stolen,[1] and was acquitted of a second count which alleged that he transported this property in interstate commerce.[2] Olsen appeals, asserting as error: (1) the admission of a 1969 New York conviction for the same offense to show knowledge; (2) the admission of evidence obtained as a result of an arrest warrant issued without probable cause and (3) the refusal to strike testimony elicited by the prosecution that he had displayed a pistol to a former employer.[3]

Defendant was arrested on a complaint charging him with fraud by wire. The information upon which this complaint was based is as follows: one Kay Sterzinger complained to Northwestern Bell Telephone Company that she had been billed for a number of long-distance calls in April, May and June, 1972 which she had not made. She also had received a bill from the Goodyear Tire Company for four tires and extra services, totalling $114.62, addressed to John Sterzinger. Investigation disclosed that the automobile to which the tires were affixed was registered in the name of Jeffrey Allan Olsen. One of the long-distance calls complained of was made to the Richard Eggert residence in Quogue, New York. Mrs. Eggert advised the investigator that she had received a call for her father from a person identifying himself as Jeff Olsen.

At the time of defendant's arrest in Minneapolis, he was carrying a brief case which contained some antique currency and other collector's items. He also had a rolled up newspaper in which were found envelopes of the type used by currency and coin collectors and small sticker labels which had "A & A Coin Shop, Iowa City, Iowa" printed on them. The A & A Coin Shop had been robbed by two armed men on August 2, 1972, and over $26,000 worth of coins and currency had been taken. As a result of this information, investigators learned that appellant had a safe deposit box at National City Bank. Shirley Holbrook,

1. 18 U.S.C. § 2315.

2. 18 U.S.C. § 2314.

3. The appellant defended himself at trial with the assistance of a court-appointed legal advisor. On this appeal, he has submitted a memorandum specifying errors and arguments supplemental to those raised by his attorney which are discussed, *infra*.

a receptionist at the bank, informed the FBI agent that Olsen had come into the bank on August 28, 1972 and had signed for entrance into the safe deposit box area. She assisted him in obtaining the safe deposit box and in returning it. When the box did not return into its slide because the lid was not closed properly, she observed Olsen open the box and saw that it was completely filled with currency, except for a small box containing coins. On the basis of this information, a search warrant was obtained and the contents of the box were seized. Some of these coins and currency were subsequently identified as having been stolen from the A & A Coin Shop.

## The Prior Conviction

The trial lasted seven days. The government produced 26 witnesses and introduced 223 exhibits. At the close of its case, a certified copy of a 1969 New York conviction for transporting coins in interstate commerce, knowing them to have been stolen, was introduced. The court reserved ruling on defendant's objection until the following morning, when it ruled the exhibit admissible for the limited purpose of showing defendant's knowledge that the coins and currency in his possession had been stolen.[4] Appellant argues that the admission of the prior conviction was reversible error since appellant did not testify on his own behalf and the prior conviction was far removed in time and place from the charge under indictment.

██ The general rule that evidence of prior criminal conduct is not admissible against a criminal defendant, is subject to well-recognized exceptions. In Atwell v. Arkansas, 426 F.2d 912 (8th Cir. 1970), the court said:

The general rule is that evidence of past crimes is inadmissible and incompetent for the purpose of showing commission of the particular crime

charged unless the prior conviction is an element of or is legally connected with the crime for which the accused is on trial. [citations omitted]

But recognized exceptions to the rule are that such evidence "is usually competent and admissible to prove the accused's identity, knowledge, intent and motive, to show a common criminal scheme or plan, and in negation of the likelihood that the crime was committed as a result of inadvertence, accident, or mistake." 29 Am.Jur.2d, Evidence § 321 (1967).

426 F.2d at 914.

The authority for these exceptions is legion: United States v. Cochran, 475 F.2d 1080 (8th Cir. 1973); United States v. Bessesen, 433 F.2d 861 (8th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed.2d 545 (1971); Von Feldt v. United States, 407 F.2d 95 (8th Cir. 1969); Koolish v. United States, 340 F.2d 513 (8th Cir.), cert. denied, 381 U.S. 951, 85 S.Ct. 1805, 14 L.Ed.2d 724 (1965); Williams v. United States, 272 F.2d 40 (8th Cir. 1959); Wiley v. United States, 257 F.2d 900 (8th Cir. 1958); see also Parker v. United States, 400 F.2d 248 (9th Cir. 1968), cert. denied, 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789 (1969); United States v. Deaton, 381 F.2d 114 (2d Cir. 1967); Herman v. United States, 220 F.2d 219 (2d Cir. 1955); United States v. Walker, 176 F.2d 564 (2d Cir.), cert. denied, 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547 (1949).

██ Appellant urges, however, that his case does not fit this well-recognized exception because the previous conviction for possession and concealment of stolen coins bears no reasonable relationship to his knowledge that the coins and currency in his possession at the time of his arrest were stolen, citing Davis v. United States, 370 F.2d 310 (9th Cir. 1966), cert. denied, 386 U.S. 1024, 87 S.

4. The Court stated to the jury:
 At the conclusion of the session yesterday, members of the jury, Plaintiff's Exhibit No. 223 was offered and I have received it as it may bear on or relate to the knowledge of the defendant. The exhibit is received for that purpose only.

Ct. 1381, 18 L.Ed.2d 463 (1967). In *Davis*, defendant was convicted of knowingly transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. The prosecution introduced a certified copy of defendant's prior conviction for auto theft and the court admitted it to show intent and knowledge. The Ninth Circuit held that this evidence did not fit the exception to the general rule and was therefore erroneous,[5] stating 370 F.2d at 312–313:

> In this case we believe that the general rule is applicable and that the admission of the record of appellant's conviction was error. It was an isolated occurrence more than a year before the act in question and *the crime was not the same as the present prosecution.* We hold that there was not a sufficient connection, either in time or conduct, to justify its admission even though the court in its instruction limited its consideration by the jury. Its admission was not justified by any of the well known exceptions to the general rule. (Emphasis added)

A close connection between the conduct for which the defendant was previously convicted and that for which he is standing trial was clearly established in this case. We do not suggest that a prior conviction for possession of stolen goods standing alone would be sufficient to prove that a defendant knew of goods of like kind currently in his possession were stolen, but it does tend to show a propensity for such knowledge when considered with the strong corroborating evidence present in this case.

Appellant contends that the three-year-old conviction was stale and too remote in time to satisfy the close connection requirement. Appellant relies on United States v. Nemeth, 430 F.2d 704 (6th Cir. 1970), where the arresting officer testified that the defendant had been convicted previously of violating the same statute. However, the conviction was reversed not because the prior conviction was too remote in time (as time was not established in the record), but rather because the evidence of that conviction was hearsay and no instruction limiting its use could cure the absence of authenticated evidence even where a prior conviction might be otherwise admissible to show a consistent pattern of conduct. In this case, however, the evidence in issue was authenticated, reflected the means by which appellant committed the prior act, and the court properly limited the jury's consideration thereof as it might relate to the knowledge of the defendant.[6]

In Miller v. United States, 397 F.2d 272 (5th Cir. 1968), a five-year-old forgery conviction was held admissible to show intent in a forgery trial. Similarly, in Von Feldt v. United States, 407 F.2d 95 (8th Cir. 1969), this court held that evidence of a similar criminal transaction which occurred some four years prior to trial was admissible to establish intent and guilty knowledge. We hold that the introduction of the three-year-old conviction for an identical offense for the limited purpose of showing Olsen's knowledge that the coins and currency in his possession were stolen, with proper limiting instructions at the time of its admission and again during the final charge,[7] was not error.[8]

---

5. The impact of this holding is somewhat diminished by the fact that the court found the error not sufficiently prejudicial to cause a reversal. 370 F.2d at 313.

6. *See* note 4 *supra*.

7. At the conclusion of the case, the court charged the jury as follows:
The fact that an accused may have committed an offense at some time is not any

evidence or proof whatever that at a later time the accused committed the offenses charged in the Indictment, even though both offenses may be of a like nature. Evidence as to an alleged earlier offense of a like nature may not therefore be considered by the jury in determining whether the accused did the act charged in the Indictment. Nor may such evi-

## The Arrest Warrant

■ Appellant next argues that the arrest warrant was not issued upon a sufficient showing of probable cause that appellant committed wire fraud. The underlying facts disclosed in the complaint show: (1) a Mrs. Sterzinger was billed for seven long distance phone calls which she did not make; (2) the Sterzingers were billed for four tires and certain repairs by the Goodyear Tire Company; (3) Goodyear had performed these services on appellant's car at the request of a person using John Sterzinger's name; (4) one of the long-distance calls had been placed to the Eggert residence in Quogue, New York, and Eggert stated that a long-distance call had been received from a "Jeff Olsen" on April 17, 1972. The first three paragraphs of the complaint apply these facts to the charge and include the statement that appellant placed the long-distance call to New York on April 17, 1972.

Appellant contends that we cannot consider the first three paragraphs in determining probable cause and, under this view, the complaint is fatally defective because it contains no allegation or reasonable inference that appellant made any of the calls charged to the Sterzingers' phone. Since this essential link is missing, appellant argues, the complaint is invalid, thereby rendering the arrest invalid, the subsequent search unlawful, and the evidence seized inadmissible as fruits of the unlawful arrest. The government concedes that if the arrest was invalid, the evidence seized in the subsequent search must be suppressed, but contends that the complaint was valid. We find it unnecessary to reach the search and seizure issue since probable cause appears on the face of the complaint.

■ While the complaint presented to the magistrate was no model of clarity, as was noted by Judge Larson in his Memorandum Order,[9] we cannot say that an adequate basis for finding probable cause does not appear on the face of the complaint. Jaben v. United States, 381 U.S. 214, 223–224, 85 S.Ct. 1365, 14 L. Ed.2d 345 (1965). We can discern no rule enunciated in the cases relied on by appellant which would require the magistrate to ignore those paragraphs of the complaint which apply the facts to the charge in determining whether probable cause exists. The magistrate is entitled to read the complaint as a whole and is not prevented from applying his own common sense and drawing reasonable inferences from the facts he finds there. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). By so reading this complaint, the magistrate could reasonably conclude that the telephone company was being

---

dence be considered for any other purpose whatever, unless the jury first finds that other evidence in the case, standing alone, establishes beyond a reasonable doubt that the accused did the act or acts charged in the Indictment.

If the jury should find beyond a reasonable doubt from the other evidence in the case that the accused did the act charged in the Indictment, then the jury may consider evidence as to an alleged earlier offense of a like nature in determining the state of mind or knowledge with which the accused did the act or acts charged in the Indictment.

8. Appellant was sentenced for the prior offense as a Youth Offender under the Youth Corrections Act, 18 U.S.C. § 5010(b). This presents no problem because the past criminal *conduct* and not criminal *status* was the purpose for which the evidence was introduced and admitted.

9. The defendant is correct in noting that several facts could have been made clearer and their relevance set out much more cogently with little effort on the part of the Government. This contention is further buttressed by the affidavits which the Government attaches to its memorandum opposing defendant's motions. Therein the Government provides the 'missing links' listed in the defendant's memorandum. If the Government had access to this information when it sought the arrest warrant, this Court is at a loss as to why it was not included in the affidavit accompanying the application for the warrant.

(Memorandum Order, Larson, J., United States v. Olsen, No. 4–72–Cr. 264, D.Minn., December 18, 1972.)

defrauded by someone placing long-distance calls and charging them to the Sterzingers' phone number, and that appellant had probably placed one of those calls. The probability that appellant was the person making the calls is buttressed by the fact that appellant or someone using his automobile charged tires and other services to the same Sterzingers. We find the magistrate's finding of probable cause entirely reasonable and note that considerable deference should be given his determination. McCreary v. Sigler, 406 F.2d 1264 (8th Cir.), cert. denied, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969).

## The Pistol

■ During the trial the government produced several of appellant's former employers in an attempt to establish his financial situation. With one of these witnesses, a Mr. Grosz, appellant sought to establish his independent means and elicited testimony that during his employment he had displayed to Grosz various collector's items, including paintings, etchings, sketches and coins of substantial worth. On redirect, the prosecutor asked what else appellant had shown Grosz. Appellant objected to the question as irrelevant and as raising new matters. The court overruled the objection, holding that the matter had been opened up on cross-examination. Grosz then testified that appellant had shown him a pistol. On recross-examination appellant sought to establish that the gun was an inoperative antique which was brought into the office for protec-

tion purposes. Appellant then moved that the jury be instructed to disregard any reference to the pistol. The motion was denied. Appellant contends that the failure to strike this testimony was prejudicial error and requires reversal.

Appellant relies on a line of cases which supports the general proposition that in a trial for a crime involving violence or a weapon, the introduction of another weapon, unrelated to the crime charged, is reversible error.[10] In this case, however, appellant was not on trial for a crime which involved a weapon. The government's questions directly related to a line of inquiry initially opened by appellant, and we have consistently held that the scope of this type examination is within the discretion of the trial court. United States v. Vaughn, 486 F.2d 1318 (8th Cir. 1973); United States v. Brown, 482 F.2d 1226 (8th Cir. 1973); Wright v. United States, 389 F.2d 996 (8th Cir. 1968); Davis v. United States, 229 F.2d 181 (8th Cir.), cert. denied, 351 U.S. 904, 76 S.Ct. 706, 100 L.Ed. 1441 (1956).

While a calculated attempt by the prosecutor to prejudice or inflame the jury by the injection of testimony of a weapon unconnected to the offense would be reprehensible, the record of the trial does not warrant an inference of such motivation. The disclosure of the gun came in response to a question about other items shown to the witness by the defendant, and the trial judge properly overruled an objection based on relevancy. While we think the judge should have sustained the motion to

10. United States v. Kwitek, 433 F.2d 18 (7th Cir. 1970) (display and discussion of defendant's guns before jury when neither offered nor received into evidence); United States v. Reid, 410 F.2d 1223 (7th Cir. 1969) (testimony concerning weapon where no independent evidence tying weapon to crime); Long v. State, 240 Ark. 687, 401 S.W.2d 578 (1966) (introduction of weapon taken from prisoner prior to placement in cell where he murdered his cellmate); State v. Wallace, 259 Iowa 765, 145 N.W.2d 615 (1966) (no showing that gun found in defendant's car was used in kidnapping); State v. Kehr, 133 Iowa 35, 110 N.W. 149 (1907) (admission of defendant's gun not identified as gun used in burglary); State v. Krebs, 341 Mo. 58, 106 S.W.2d 428 (1937) (testimony that gun was in defendant's possession at time of arrest but not shown to have been one used in armed robbery); State v. Harrison, 253 Or. 489, 455 P.2d 613 (1969) (admission of gun unconnected to robbery); State v. Thompson, 228 Or. 496, 364 P.2d 783 (1961) (admission of defendant's gun not identified as gun used in or linked to robbery); State v. McCreary, 82 S.D. 111, 142 N.W.2d 240 (1966) (introduction of gun not used in burglary).

strike such testimony when its irrelevancy became apparent, we consider the error to be harmless. United States v. Mancino, 468 F.2d 1350 (8th Cir. 1972); Tarvestad v. United States, 418 F.2d 1043 (8th Cir. 1969), cert. denied, 397 U.S. 935, 90 S.Ct. 944, 25 L.Ed.2d 116 (1970); Miller v. United States, 410 F.2d 1290 (8th Cir.), cert. denied, 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80 (1969); Wright v. United States, 389 F.2d 996 (8th Cir. 1968).

*Pro se Contentions*

 Appellant submitted a letter supplementing his court-appointed attorney's brief and raising numerous purported errors generally based upon his belief that he was the persecuted victim of a conspiracy by the court, the prosecuting attorney and his own court-appointed legal advisor. The record discloses these fears to be wholly unfounded. Judge Larson and the assistant United States Attorney demonstrated uncommon restraint in the face of appellant's unorthodox trial "tactics", and appellant's court-appointed legal advisor commendably served appellant's legal interests in spite of appellant's insistence

that he represent himself. One of appellant's contentions requires comment. Appellant argues that he was denied a fair trial because the United States Attorney asserted in final rebuttal that appellant was a participant in the robbery of A & A Coin.[11] No objection was made at the time or at the conclusion of closing argument.[12] Failure to object would ordinarily preclude our consideration of appellant's argument,[13] but since appellant's uncounselled comment at the close of the government's final argument might be liberally construed as an objection, we have reviewed appellant's assertion and find it to be without merit. The prosecutor is entitled to comment on arguments raised by the defense in its closing argument and may "comment on the evidence and the reasonable inferences that [can] be drawn therefrom." United States v. Lawson, *supra*, 483 F.2d at 539. The trial court properly instructed the jury to consider comments by the attorneys only as they may reflect their own recollections of the evidence.

We find no prejudicial error and the conviction is affirmed.

11. Neither of the parties at oral argument recalled the statement and appellant did not have the record. We assume it was the following statement by Mr. Cudd in his final rebuttal:

With respect to the robbery, Mr. Bagwell, if I recall—I may be wrong—said he didn't identify anybody, but if he did he said he identified the first man who came in and put the ski mask on his face. The second man he never saw. I submit to you, and I look him right in the eye, that that was the man and I think the evidence supports it because at 5:30 on August 2 he was making a withdrawal from his bank account in the amount of $3,000. I would suggest that the inference drawable from that is that that was the payoff to the man who was with him on the robbery.

12. The following colloquy did occur at the conclusion of the government's rebuttal:
MR. OLSEN: Just remember none of the things he said are in evidence. Any mention—
THE COURT: You have finished, Mr. Olsen. You had your opportunity to make your closing statement.
MR. OLSEN: I'd like an opportunity right now to explain a few things to the jury. This is ridiculous.
THE COURT: Just be quiet.
The court then proceeded with the instructions to the jury without further interruption.

13. *See* United States v. Lawson, 483 F.2d 535 (8th Cir. 1973); United States v. Goldenstein, 456 F.2d 1006 (8th Cir. 1972); Petschl v. United States, 369 F.2d 769 (8th Cir. 1966).