**Jeffrey Allan OLSEN, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**No. 4–74–Civil–514.**

United States District Court,
D. Minnesota,
Fourth Division.

March 20, 1975.

Robert M. Kaner, Duluth, Minn., for petitioner.

Robert G. Renner, U. S. Atty., Mel I. Dickstein, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Petitioner, confined at United States Penitentiary, Terre Haute, Indiana, pursuant to a ten year sentence imposed on March 23, 1973 following conviction for receiving and concealing coins and currency that had moved in interstate commerce knowing same to have been stolen in violation of 18 U.S.C. § 2315, seeks post conviction relief under Rules of Criminal Procedure 35 and 28 U.S.C. § 2255.

Petitioner and his counsel have asked Judge Earl R. Larson who tried the case to recuse himself. He has done so.

The grounds for post conviction relief are alleged in separate § 2255 motions filed by petitioner himself and by his attorney and by separate Rule 35 motions filed by petitioner and by his attorney. (See Clerk's entries 1, 2, 3 and 5). Memorandums have been filed by petitioner, his counsel and by respondent's counsel. Petitioner has filed a response to respondent's memorandum (Clerk's entry #19).

The files and records show that petitioner is entitled to no relief. Petitioner's Constitutional rights were not violated, the sentencing court had jurisdiction and the sentence imposed was within the maximum authorized by law.

■ It would be supererogatory to discuss each of the many claimed grounds for relief asserted by petitioner personally. There are about 30 grounds alleged and they are listed and categorized in the response filed by the United States Attorney (See Clerk's entry # 16). None of them is meritorious. Most of them have already been passed upon the Eighth Circuit Court of Appeals in the direct appeal of petitioner's conviction. United States v. Olsen, 487

F.2d 77 (1973), and are not properly cognizable by 2255 motion, Sykes v. United States, 341 F.2d 104 (8th Cir. 1965). Several of the asserted grounds are properly viewed as trial errors cognizable on direct appeal but not on a motion for § 2255 relief. But the trial errors asserted are minor and patently non-prejudicial. The other claims made by petitioner are mere conclusionary statements or allegations of error or misconduct which find no support in the record. See Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965).

Petitioner's counsel asserts two bases for error in the § 2255 motion he has filed, the denial of petitioner's right to effective counsel and denial of a fair trial because of trial irregularities (Clerk's entry # 2).

■ Petitioner represented himself at trial. Judge Larson wanted to appoint counsel for him but he insisted on representing himself. Judge Larson said:

But I understand from what you have been telling me in these letters that you insist pretty much on conducting the trial yourself. I don't think this is a particularly good idea, but am willing to permit you to do it. I do think that defendants should be represented by counsel at trial, but, again, at the same time I cannot force any attorney upon you. I'll ask Mr. Thompson . . . to be present at the trial to consult with you and you will have the opportunity at any time during the trial to ask Mr. Thompson for any advice. . . .

The Community Defender, Peter Thompson, did his best to help defendant and so did the court. Olsen was examined by a psychiatrist, Dr. Carl Malmquist, and found competent. In the light of defendant's insistence, there was nothing else Judge Larson could do but let Olsen represent himself. As to this and the alleged trial irregularities claimed now by petitioner, the Court of Appeals said:

Appellant submitted a letter supplementing his court-appointed attorney's

brief and raising numerous purported errors generally based upon his belief that he was the persecuted victim of a conspiracy by the court, the prosecuting attorney and his own court-appointed legal advisor. The record discloses these fears to be wholly unfounded. Judge Larson and the Assistant United States Attorney demonstrated uncommon restraint in the face of appellant's unorthodox trial "tactics", and appellant's court-appointed legal advisor commendably served appellant's legal interests in spite of appellant's insistence that he represent himself. United States v. Olsen, *supra*, 487 F.2d at 83.

Petitioner's claim of ineffective assistance of counsel is not supported by the record.

■ The specific examples of trial irregularities alleged by petitioner's counsel were either passed upon by the Court of Appeals on the direct appeal of the conviction or are otherwise not cognizable by a § 2255 court. *See* Weinreich v. United States, 414 F.2d 279 (9th Cir. 1969), cert. denied, 397 U.S. 996, 90 S. Ct. 1135, 25 L.Ed.2d 403 (1970); United States v. Shields, 291 F.2d 798 (6th Cir. 1961), cert. denied, 368 U.S. 933, 82 S. Ct. 371, 7 L.Ed.2d 196 (1961); Vandergrift v. United States, 313 F.2d 93 (9th Cir. 1963); Holt v. United States, 303 F.2d 791 (8th Cir. 1963), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); Glouser v. United States, 296 F.2d 853 (8th Cir. 1961) cert. denied, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed. 2d 789 (1962).

■■ Petitioner's counsel also moved to vacate or correct the sentence because Olsen's parole on a previous conviction was illegally revoked (Clerk's entry # 3).

This calls for habeas corpus relief properly addressed to a court in the jurisdiction of confinement (Northern District of Indiana) and is not cognizable by a sentencing court under § 2255, Soyka v. Alldredge, 481 F.2d 303 (3rd Cir. 1973). Olsen should first seek administrative relief as to this claim.

I am satisfied that the files and records conclusively show petitioner is entitled to no relief.

All petitions and all motions are denied.